UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARIEL LEGASSA,<br><br>Defendant | Criminal No. 22cr10038<br><br>Violations:<br><br>Counts One – Seven: Mail Fraud<br>(18 U.S.C. § 1341)<br><br>Counts Eight – Ten: Money Laundering<br>(18 U.S.C. § 1957)<br><br>Mail Fraud Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461)<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

## INDICTMENT

At all times relevant to this Indictment:

### General Allegations

1. Defendant Ariel Legassa ("LEGASSA") lived in Burlington, Connecticut.

2. NESN was a regional sports network located in Watertown, Massachusetts that created and distributed New England sports content.

3. Between in or about September 2019 and January 2022, LEGASSA was employed as Vice President of Digital at NESN. He was responsible for, among other things, sourcing, supervising, and approving payments to vendors working on digital media projects for NESN.

4. Alley Interactive LLC ("Alley NY") was a digital services business located in New York City that provided website design and development.

### Overview of the Scheme to Defraud

5. From approximately December 2020 to January 2022, LEGASSA orchestrated a

scheme to defraud NESN. As described below, while LEGASSA was negotiating a contract with Alley NY to provide web development services to NESN, he created a fictitious but identically named business that purported to do business in Connecticut—Alley Interactive, LLC ("Alley CT"). LEGASSA submitted fraudulent invoices to NESN in the name of Alley CT and caused NESN to pay to it more than $575,000. LEGASSA transferred the proceeds of the scheme from Alley CT to bank accounts that he controlled and spent the money on personal expenses.

### The Scheme to Defraud

6. Beginning in or around December 2020, LEGASSA and Alley NY entered into contract negotiations for Alley NY to provide software and web development services to NESN.

7. On or about February 8, 2021, LEGASSA created an email address that used Alley NY's name, alleyinteractivellc@gmail.com.

8. On February 11, 2021, LEGASSA incorporated Alley CT as a Connecticut Limited Liability Company with a mailing address in Stamford, Connecticut ("the Stamford Address").

9. On February 19, 2021, LEGASSA opened a bank account in the name of Alley CT at Santander Bank ("the Santander Account").

10. On or about March 3, 2021, NESN and Alley NY finalized and signed a Master Services Agreement (the "Agreement") and associated Statement of Work (the "SOW"). LEGASSA signed both the Agreement and the SOW on behalf of NESN.

11. On or about March 9, 2021, less than one week after entering into the Agreement and SOW with Alley NY, LEGASSA emailed $110,000 in invoices on behalf of Alley CT to a NESN accounting employee ("Employee 1"). The Alley CT invoices featured Alley NY's logo and did not list an address. LEGASSA directed Employee 1 by email to issue payment to Alley

CT at the Stamford Address and approved the payment within NESN's accounting system.

12. On or about April 1, 2021, NESN mailed a $110,000 check to Alley CT.

13. On April 8, 2021, LEGASSA falsely represented to Employee 1 that Alley CT was a separately incorporated entity that was "working together with" Alley NY and directed Employee 1 to establish separate accounts in both Alley NY and Alley CT's name on NESN's accounting system.

14. LEGASSA thereafter directed Employee 1 to pay Alley NY's legitimate invoices to Alley NY, and to pay his fraudulent invoices to Alley CT.

15. Beginning on or about April 9, 2021, LEGASSA created and submitted to NESN Alley CT invoices that featured the Alley NY logo but listed the Stamford Address.

16. Between in or about March 9, 2021 and November 21, 2021, LEGASSA fabricated and approved eleven fraudulent invoices that caused NESN to mail to the Stamford Address $575,500 in checks described below payable to Alley CT.

| Approximate Date | Check Amount |
|---|---|
| 4/1/21 | $110,000 |
| 4/27/21 | $135,000 |
| 6/15/21 | $85,000 |
| 6/24/21 | $100,000 |
| 8/24/21 | $48,500 |
| 10/5/21 | $48,500 |
| 11/23/21 | $48,500 |

17. LEGASSA deposited all of these checks into the Santander Account.

<u>Unlawful Monetary Transactions with the Proceeds of the Scheme</u>

18. Between in or about February 2021 and January 2022, LEGASSA used the funds that he fraudulently obtained from NESN for personal expenses and transferred the funds to other accounts that he controlled.

19. For example, on or about April 16, 2021, LEGASSA obtained an "Official Check" from Santander for $49,777.03 to pay off a personal auto loan with Wells Fargo Bank.

20. On or about May 11, LEGASSA wired $60,000 to an account at the American Broadcast Employees Federal Credit Union in his and his wife's names.

21. On or about October 4, 2021, LEGASSA wired $20,000 to an account at Citibank in his name.

## COUNTS ONE THROUGH SEVEN
## Mail Fraud
## (18 U.S.C. § 1341)

The Grand Jury charges:

22. The Grand Jury re-alleges and incorporates by reference paragraphs 1-21 of this Indictment.

23. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

## ARIEL LEGASSA,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did, for the purpose of executing and attempting to execute the scheme, knowingly cause to be delivered by mail and by any private and commercial interstate carrier according to the direction thereon, the following:

| Count | Approximate Date | Check Mailed from NESN to Alley CT |
|---|---|---|
| 1 | April 1, 2021 | $110,000 |
| 2 | April 27, 2021 | $135,000 |
| 3 | June 15, 2021 | $85,000 |
| 4 | June 24, 2021 | $100,000 |
| 5 | August 24, 2021 | $48,500 |
| 6 | October 5, 2021 | $48,500 |
| 7 | November 23, 2021 | $48,500 |

All in violation of Title 18, United State Code, Section 1341.

## COUNTS EIGHT THROUGH TEN
## Money Laundering
## (18 U.S.C. § 1957)

The Grand Jury further charges:

24. The Grand Jury re-alleges and incorporates by reference paragraphs 1-21 of this Indictment.

25. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

ARIEL LEGASSA,

knowingly engaged and attempted to engage in monetary transactions in criminally derived property of a value greater than $10,000, as set forth below, where such property was derived from specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341 as charged in Counts One through Seven:

| Count | Approximate Date | Description of Amounts Drawn on Santander Account |
|---|---|---|
| 8 | April 16, 2021 | $49,777.03 check payable to Wells Fargo |
| 9 | May 11, 2021 | $60,0000 transfer to LEGASSA's account at the American Broadcast Employees Federal Credit Union |
| 10 | October 4, 2021 | $20,000 transfer to LEGASSA's account at Citibank. |

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

26. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1341, set forth in Counts One through Seven, the defendant,

ARIEL LEGASSA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

27. If any of the property described in Paragraph 26, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 26 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

28. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1957, set forth in Counts Eight through Ten, the defendant,

ARIEL LEGASSA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property.

29. If any of the property described in Paragraph 28, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 28 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

*[signature]*
FOREPERSON

*[signature]*
BENJAMIN A. SALTZMAN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: FEBRUARY 17, 2022
Returned into the District Court by the Grand Jurors and filed.

/s/ Thomas F. Quinn Jr.  2/17/22 @ 3:40pm
DEPUTY CLERK