UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)     Criminal No. 22-10038-IT<br>ARIEL LEGASSA, )<br>)<br>)<br>Defendant )<br>)<br>_____) | |

### REPORT IN LIEU OF INTERIM STATUS CONFERENCE
### PURSUANT TO LOCAL RULE 116.5(b)

June 6, 2022

Hennessy, M.J.

Defendant is charged in an indictment with seven counts of Mail Fraud, in violation of 18 U.S.C. § 1341, and three counts of Money Laundering, in violation of 18 U.S.C. § 1957. Defendant was arraigned on February 22, 2022, by videoconference. I scheduled an interim status conference for June 10, 2022. However, prior to the conference the parties submitted a joint memorandum which obviates the need for the conference. The June 10 conference is accordingly canceled and I report as follows:

**Local Rule 116.5(b)(1) through (4)**

The United States reports that it produced automatic discovery on March 21, 2022, and supplemental discovery on April 20, 2022. There are no pending discovery requests. Defendant needs additional time to review discovery to determine whether to serve discovery requests. The Court has not issued a protective order; the parties reserve the right to seek such an order.

1

**Local Rule 116.5(b)(5)**

Defendant is directed to report at the Final Status Conference whether, based on a review of discovery, he will file pretrial motions pursuant to Fed. R. Crim. P. 12(b).

**Local Rule 116.5(b)(6)**

I have adopted the parties' proposal that the Government's expert disclosures, if any, be due twenty-one (21) days before trial, with Defendant reserving the right to request earlier expert disclosures, and that Defendant's expert disclosures, if any, be due fourteen (14) days before trial.

**Local Rule 116.5(b)(7)**

Defendant does not intend to raise defenses of insanity, public authority, or alibi.

**Local Rule 116.5(b)(8)**

The Court has excluded the period from February 22, 2022 (the date of Defendant's arraignment), through June 10, 2022 (the date of the Interim Status Conference).  The parties further agree that the period from June 10, 2022 through the Final Status Conference that I have set, at the request of the parties, for Tuesday, July 26, 2022 should be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).  I will allow that request and enter a separate written order.  It appears that four days (from the filing of the indictment on February 17 to the February 22 arraignment) are chargeable against the statutory speedy trial clock. See Order of Excludable Delay entered on this date.

**Local Rule 116.5(b)(9)**

There have been no plea discussions.  Trial would require one week.

**Local Rule 116.5(b)(10)**

A Final Status Conference will take place in this case on Tuesday, July 26, 2022 at 9:30 a.m., in Courtroom #1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester,

Massachusetts.  If the parties file a joint memorandum that addresses Local Rule 116.5(c) which obviates the need for the status conference, the Court will waive the status conference.  Counsel are encouraged to appear by telephone if that is more convenient.  If any counsel wishes to appear by telephone, counsel is to contact my Courtroom Clerk Dawn King, (508.929.9905 or Dawn_King@mad.uscourts.gov) before the conference and provide a landline telephone number at which counsel can be reached.

    / s / David H. Hennessy
David H. Hennessy
United States Magistrate Judge