UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Criminal No. 22-10038-IT<br>ARIEL LEGASSA, )<br>)<br>        Defendant )<br>)<br>_____ ) | |

## ORDER ON ASSENTED-TO MOTION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME

July 20, 2022

Hennessy, M.J.

      Defendant is charged in an indictment with seven counts of Mail Fraud, in violation of 18 U.S.C. § 1341, and three counts of Money Laundering, in violation of 18 U.S.C. § 1957. Defendant was arraigned on February 22, 2022, by videoconference. I scheduled a final status conference for July 26, 2022. However, prior to the conference the parties submitted a memorandum jointly moving for an enlargement of 45 days to enable Defendant to complete his review of discovery, and report on whether he will file pretrial motions.

      The motion to continue the initial status conference is allowed. The final status conference shall be held on Tuesday, September 6, 2022 at 9:30 a.m. in Courtroom #1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts. If the parties file a joint memorandum that addresses Local Rule 116.5(c) which obviates the need for the status conference, the Court will waive the status conference. Counsel are encouraged to appear by

1

telephone. If any counsel wishes to appear by telephone, counsel is to contact my Courtroom Clerk Dawn King, (508.929.9905 or Dawn_King@mad.uscourts.gov) before the conference and provide a landline telephone number at which counsel can be reached.

    The motion to exclude the continuance from the time in which trial of the above-captioned case shall begin is also granted. Accordingly, I hereby ORDER the exclusion of time from Tuesday, July 26, 2022 (the original date of the Final Status Conference), through Tuesday, September 6, 2022 (the date of the Final Status Conference). I exclude this time pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) because I find that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial. Specifically, I find that Defendant will need this continuance to complete his review of discovery and consider the need for pretrial motions (on which Defendant shall report at the September 6 Final Status Conference. I further find that to not grant such a continuance would deny both the United States

and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[1]

                                                 / s / David H. Hennessy
                                                David H. Hennessy
                                                United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).