UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 22-CR-10038-IT |
| | ) | |
| ARIEL LEGASSA | ) | |

**Defendant's Reply to Government's Opposition to Defendant's
Motion For Order Releasing Seized Assets**

Defendant Ariel Legassa hereby responds to the government's Opposition to Defendant's Motion For Order Releasing Seized Assets (the "Opposition"). For the reasons set forth in his Motion For Order Releasing Seized Assets for Payment of Necessary Living Expenses and Legal Defense Costs (the "Motion") and below, Mr. Legassa has adequately established that he has insufficient assets aside from the seized $46,000 to pay ordinary and necessary living expenses and to retain counsel of his choice, and that the money is not traceable to or sufficiently related to the crimes charged in the indictment.

Argument

1. **Mr. Legassa Lacks Assets Sufficient to Meet Ordinary and Necessary Living Expenses and to Retain Counsel of Choice in this Criminal Case**

Mr. Legassa and his wife have filed detailed affidavits documenting a substantial and recurring monthly shortfall in income necessary to meet reasonable and by no means lavish or extravagant family expenses. Mr. Legassa demonstrated that he has no other assets to liquidate and no current prospects for any meaningful increase in his income level during the pendency of this case. He has shown that he cannot close the gap and provide for his

1

family, and retain counsel of his choice in this serious criminal matter, without access to the funds seized by the government.

The government asserts that Mr. Legassa has not made this showing because the information in the affidavits is stale and does not include Mr. Legassa's Uber income, and because his wife owns a home and may have a retirement account. *See* Opposition at 14-15. The government is wrong on all counts.

First, Mr. Legassa is not failing to disclose Uber income. He has none. Once the government seized the Tesla he owned jointly with his wife, he has not had adequate access to a vehicle to drive. His wife needs one vehicle to drive to work and for after work activities. Two of his children need cars to drive to school, school activities, and their work. He has nothing to drive. The sole income to pay ordinary and necessary living expenses is his wife's income, which is several thousand dollars short of what is needed month in month out. *See* Supplemental Affidavit of Ariel Legassa in Support of Motion for Order Releasing Assets (the "Supp. Aff.") at ¶ 1.

Second, the government's speculation about whether Ms. Legassa has assets is not germane. If she has a retirement account, or if there is any equity in the family home that she owns, she is not obligated to use those assets to pay for her husband's choice of counsel. The focus of the inquiry is properly on the defendant's assets and whether those assets are sufficient to retain counsel and meet family living expenses. Mr. Legassa has made that showing here. He already has liquidated his retirement account to pay attorney fees. *See* Motion, Ex. 1, Affidavit of Ariel Legassa at ¶ 7. He has no other assets.

The Legassas were able to obtain release of $31,242.82 that NESN had attached in the companion civil case. But that money has largely been spent on Ms. Legassa's attorney's fees (NESN had sued her as well as Mr. Legassa, but dismissed Ms. Legassa as part of the agreement to release its attachment), monthly bills, necessary living expenses, and making up for the shortfall since January in the family's ability to meet its monthly expenses. *See* Supp. Aff. at ¶ 2.

Mr. Legassa has nothing else. He cannot sell his 2012 Land Rover LR4, his 1971 propeller airplane, or his and his wife's 2020 Tesla Model 3 because they either have been pledged to secure his release bond, seized by the government, or both. The $46,000 seized by the government is his only source of funds to stay on top of his monthly expenses and to retain counsel of choice.

The government also asserts that those funds would not be available for those purposes even if the court were to release them because Mr. Legassa has stipulated that the attachment on the $46,000 would remain "if the Department of Justice were to return it." Opposition at 8. The government's sleight-of-hand inference here is that the parties stipulated that if the $46,000 was released *to Mr. Legassa* the funds would be subject to the attachment in the civil case.

That is materially different from what the stipulation actually says. The parties stipulated that the funds would remain subject to the attachment on the 4170 account *if they were returned to that account*. *See* Stipulation and Order Partially Dissolving Attachment at 2, Dkt. No. 64 in the companion civil matter, No. 22-CV-10022-ADB ("for avoidance of doubt, to the extent that any funds that were subject to the Jan. 19, 2022 Attachment that

3

have been seized by the United States Department of Justice *are returned to the Credit Union*, they shall remain subject to the Jan. 19, 2022 Attachment") (emphasis supplied).

Nothing in the stipulation prohibits Mr. Legassa from seeking the release *to him* of the $46,000 seized by the government. Nor does the stipulation or any other provision of law require that the court, should it allow Mr. Legassa's motion to release the funds, direct that they be returned to Ms. Legassa's 4170 account. In the ordinary course, the court would simply order the release of the funds as requested by the movant.

The stipulation merely reflects the law. The attachment extends only to money in the 4170 account. It does not follow the $46,000 once it has been removed from the account.

    **2.    Availability of Court-appointed Counsel Does Not Override Right to Use Untainted Funds to Retain Counsel of Choice**

The government asserts that because Mr. Legassa has court-appointed counsel in this case, the same counsel he retained in the companion civil case, he "cannot demonstrate financial need for the release of funds to pay for an attorney of his choice in this criminal action." Opposition at 2.

The availability of court-appointed counsel should not preclude the release of assets to pay for counsel of choice. A defendant may opt to retain counsel other than a lawyer selected by the court. Indeed, a defendant has every right to do so.

Even where a defendant is content with the court's selection of counsel, that should not preclude the release of untainted seized assets to pay counsel. The government should not be permitted to benefit from the availability of public funds to pay appointed counsel where the only reason a defendant cannot adequately pay counsel is the seizure of assets.

Public funds for payment of court-appointed counsel should be reserved for defendants who truly have no means to retain counsel. Mr. Legassa could afford to pay counsel adequately if the court were to release the funds the government has seized. If the court were to release the seized funds, Mr. Legassa's defense would not burden the taxpaying public and the court's limited public funds could be used to pay for counsel for defendants who cannot afford to retain counsel on their own.

### 3. The $46,000 are Not Traceable or Sufficiently Related to the Crimes Charged in the Indictment

For the reasons set forth in Mr. Legassa's Motion, the funds seized by the government are not traceable to or sufficiently related to the crimes charged in the indictment.

### CONCLUSION

Wherefore, the defendant requests an evidentiary hearing pursuant to *Kaley* and *Monsanto,* and ultimately an order returning the seized funds to the defendant so that he may use them for payment of ordinary living expenses and to retain defense counsel of his choice.

ARIEL LEGASSA
 By his attorney,

/s/ *E. Peter Parker*
E. Peter Parker
 B.B.O. #552720
Law Office of E. Peter Parker
The Wheelhouse at Bradford Mill
Concord, MA  01742
(617) 742-9099
peter@parkerslaw.com

Certificate of Service

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 16, 2022.

                                         /s/ *E. Peter Parker*
                                         E. Peter Parker