UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ARIEL LEGASSA,<br><br>Defendant. | Criminal No. 22-CR-10038-IT |

## [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between non-party New England Sports Network, L.P. ("NESN") and Defendant Ariel Legassa ("Defendant"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to NESN, and/or personal income, credit and other confidential information of Defendant.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

1

3. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall ~~file them with the clerk under seal~~ *seek leave to file under seal, or*; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party ~~filing~~ *seeking leave to file* any document under seal must comply with the requirements of Local Rule 7.2.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, including the Defendant, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all

2

deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (f) jurors and/or alternative jurors; (g) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and (h) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7.    Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation; (c) the Court and its personnel; (d) court reporters, their staffs,

and professional vendors to whom disclosure is reasonably necessary for this litigation; and (e) the author of the document or the original source of the information.

8. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(h) or 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only".

11. This Order has been agreed to by the undersigned parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential. No later than 21 days after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given, within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise agreed or ordered by the Court. An inadvertent failure to designate a document as Confidential does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony, unless otherwise agreed or ordered by the Court. If a party designates a document as Confidential after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

13. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in

the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

14. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Local Rule 7.1. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

15. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

The Court retains the right to allow disclosure of any subject covered by this Stipulation or to modify this stipulation at any time in the interest of justice.

Respectfully submitted this 17th day of February, 2023.

| Counsel for New England Sports Network, L.P. | Counsel for Defendant Ariel Legassa |
|---|---|
| By: /s/ Christopher M. Morrison<br>Christopher M. Morrison (BBO # 651335)<br>Jenna L. LaPointe (BBO #699045)<br>Jacob E. Morse (BBO # 709512)<br>JONES DAY<br>100 High Street, 21st Floor<br>Boston, MA 02110.1781<br>Telephone: +1.617.960.3939<br>Facsimile: +1.617.449.6999<br>cmorrison@jonesday.com | By: /s/ E. Peter Parker<br>E. Peter Parker (BBO # 552720)<br>Law Office of E. Peter Parker<br>33 Bradford St<br>The Wheelhouse at Bradford Mill<br>Concord, MA 01742<br>Telephone: (617) 742-9099<br>peter@parkerslaw.com |

| | |
|---|---|
| jlapointe@jonesday.com<br>jacobmorse@jonesday.com | |

So ordered.

_____
Andrea Talwani
U.S.D.J.

2/17/2023

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

My address is _____.

My present employer is _____.

My present occupation or job description is _____.

I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

I have carefully read and understand the provisions of this Stipulated Protective Order.

I will comply with all provisions of this Stipulated Protective Order.

I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _____, 20__, at _____.

_____
QUALIFIED PERSON