UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERCA, | ) |
| | ) |
| v. | ) CRIMINAL ACTION |
| | ) NO. 22-10038 |
| ARIEL LEGASSA, | ) |
| | ) |
| Defendant. | ) |

ORDER ON MOTION TO QUASH

April 14, 2023

Defendant in the above-captioned criminal action, Ariel Legassa ("Legassa"), subpoenaed third parties New England Sports Network, LP ("NESN"), Fenway Sports Group Holdings, LLC ("FSG"), Sean McGrail, and Ray Guilbault (collectively, the "Subpoenaed Parties") for documents pursuant to Federal Rule of Criminal Procedure 17(c). [Dkt. No. 66]. The Subpoenaed Parties moved to quash and Legassa has opposed the motion. [Dkt. Nos. 66 and 72]. I heard argument on April 13, 2023. [Dkt. No. 82]. At the hearing, the parties agreed that the Subpoenaed Parties had produced over 100,000 pages of documents responsive to the 17(c) subpoenas and thus that some requests have been fully or partially resolved. On the basis of the parties' submissions and arguments, and applying the standard articulated in United States v. Nixon, 418 U.S. 683, 700 (1974), the Motion to Quash is Granted in Part and Denied in Part. The numbers below refer to those Defendant assigned to his Rule 17(c) subpoena requests.

1

(1) Subpoenaed Parties have withdrawn their opposition to Defendant's request for "Legassa's entire personnel file including all performance reviews," and shall produce responsive documents insofar as they have not already done so.

(2) Subpoenaed Parties have withdrawn their opposition to Defendant's request for "All emails and texts sent or received by Legassa," and shall produce responsive documents insofar as they have not already done so.

(3) Subpoenaed Parties' motion to narrow Defendant's request for "All documents that describe Legassa's responsibilities as VP Digital, including all documents that describe or relate to increased responsibilities for Legassa as a result of the departure from NESN of the heads of any other departments, including Sales, Engineering, Operations, and Production and Programing" is **GRANTED**; Subpoenaed Parties shall employ whatever search terms will, from their knowledge, reasonably generate documents responsive this request.

(4) Subpoenaed Parties' motion to quash Defendant's request for "All documents that list or describe all projects that NESN's Digital department was expected to complete between January 1, 2020 and June 1, 2022" is **GRANTED** insofar as Defendant seeks documents beyond those already produced by Subpoenaed Parties.

(5) Subpoenaed Parties' motion to narrow Defendant's request for "All documents that relate to the budget for NESN's Digital department for calendar years 2020 and 2021, including the budgets for all projects identified in response to the previous request above" is **GRANTED** insofar as Defendant seeks documents beyond those already produced by Subpoenaed Parties.

(6) Subpoenaed Parties' motion to quash Defendant's request for "All documents concerning policies and procedures governing the formulation and approval of department and project budgets" is **GRANTED IN PART**; Subpoenaed Parties shall produce policies regarding NESN's payments for vendor services, and any requirement for a signed contract as a condition to receiving vendor services.

(7) Subpoenaed Parties' motion to quash Defendant's request for "All documents concerning criticism within NESN of the policies and procedures governing the formulation and approval of department and project budgets" is **GRANTED**.

(8) Except as allowed in response to Request 6, Defendant's request for "All documents concerning NESN's policies and procedures relating to contracting with outside vendors, including any requirements for written contracts, review and approval of written contracts, master sales agreements, statements of work, invoice submittal, invoice review and approval, and payment of invoices" is **DENIED**.

(9) Subpoenaed Parties' motion to quash Defendant's request for "All documents concerning all instances where NESN engaged and approved payment to outside vendors who did not have written contracts, or where NESN engaged and approved payment to outside vendors in a manner that otherwise conflicted with or violated NESN policies and procedures" is **GRANTED IN PART**; Subpoenaed Parties are directed to inquire of the appropriate department within NESN handling vendor services whether there are instances in which a vendor has provided services in the absence of an executed contract for such services. If there are, Subpoenaed Parties are directed to produce related documents.

(10) Subpoenaed Parties' motion to quash Defendant's request for "All documents concerning criticism within NESN of the policies and procedures for contracting with

outside vendors, including policies requiring written contracts, review and approval of written contracts, master sales agreements, statements of work, invoice submittal, invoice review, payment of invoice review and approvals, and payment of invoices" is **GRANTED**.

(11)    Subpoenaed Parties' motion to quash Defendant's request for "All documents concerning NESN's overstatements of earnings or other financial irregularities between January 1, 2016 and the present and all changes to all policies and procedures as a result of such earnings overstatement or other financial irregularities" is **GRANTED**.

(12)    Subpoenaed Parties have withdrawn their opposition to Defendant's request for "All contracts with all outside vendors that relate to the development and implementation of DTC technology, platforms, and products," and shall produce responsive documents insofar as they have not already done so.

(13)    Subpoenaed Parties have withdrawn their opposition to Defendant's request for "All documents and communications between Legassa and anyone at NESN and/or FSG concerning DTC technology in general, a proposed entity or division referred to as "FSG Tech," and/or the ability to develop DTC technology, platforms, or products enabling content providers other than NESN to stream their content," and shall produce responsive documents insofar as they have not already done so.

(14)    Subpoenaed Parties' motion to narrow Defendant's request for "All documents and communications concerning presentations to or meetings with Subpoenaed Parties concerning NESN's development of DTC technology, platforms, and products, including MSG Network and YES Network" is **GRANTED IN PART**; Subpoenaed Parties may adopt their proposed search terms, namely "DTC" or "Digital" within ten (10) of "MSG"

and/or "YES" in order to identify responsive documents. The motion to quash is otherwise **GRANTED.**

(15)   Subpoenaed Parties' motion to narrow Defendant's request for "All documents and communications concerning an agreement between Legassa and anyone at NESN, including McGrail, Guilbault, that Legassa would set up, own, and control a company that would invoice NESN for work related to DTC technology development, and that payments by NESN of invoices submitted by such an entity would go to Legassa" is **DENIED**; Subpoenaed Parties are directed to employ best efforts to identify and provide responsive documents.

(16)   Subpoenaed Parties' motion to narrow Defendant's request for "All documents concerning knowledge by anyone at NESN, including McGrail and Guilbault, that Legassa would set up, own, and control a company that would invoice NESN for work related to DTC technology development, and that payments by NESN of invoices submitted by such an entity would go to Legassa" is **DENIED**; Subpoenaed Parties are directed to employ best efforts to identify and provide responsive documents.

(17)   Subpoenaed Parties have withdrawn their opposition to Defendant's request for "All documents and communications between Legassa and anyone at NESN, including McGrail, Guilbault, that relate to DTC technology development," and shall produce responsive documents insofar as they have not already done so.

(18)   Subpoenaed Parties have withdrawn their opposition to Defendant's request for "All documents concerning Alley CT," and shall produce responsive documents insofar as they have not already done so.

(19)     Subpoenaed Parties have withdrawn their opposition to Defendant's request for "All documents and communications concerning NESN's review and approval of all invoices submitted by Alley CT and the payment of such invoices by NESN," and shall produce responsive documents insofar as they have not already done so.

As to requests (20) through (27) Defendant and the Subpoenaed Parties have agreed that the Subpoenaed Parties shall produce, insofar as they have not already done so, all non-privileged responsive documents created between September 1, 2019 and the date of Defendant's termination from employment at NESN on January 6, 2022.  Insofar as requests (20) through (27) seek more documents, the motion to quash is **GRANTED**.

It is so ordered.

/s/ David H. Hennessy<br>
David H. Hennessy<br>
United States Magistrate Judge