UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  22-CR-10038-IT |
| | ) | |
| ARIEL LEGASSA | ) | |

**Motion To Continue Trial**

Defendant Ariel Legassa hereby moves to continue trial presently scheduled for October October 16, 2023 to a date no earlier than December 11, 2023. As grounds for this motion, Mr. Legassa states that due to the press of other professional matters, it is impossible for undersigned counsel to be adequately prepared for a trial starting October 16.

Counsel currently represents defendants in three murder cases pending in the courts of the Commonwealth, all of which predate the March 2020 COVID pandemic shutdown, which caused a complete two-year shutdown of all trials. Two of counsel's state court murder cases are scheduled for trial in September and November, 2023. *Commonwealth v. Arrington*, Suffolk Superior Court Criminal No. 2016-CR-00824, is scheduled for September 11, 2023 and is expected to take three to four weeks to try, full days, including individual lawyer-conducted juror *voir dire* and deliberations. The Commonwealth has represented that it will call 30 witnesses. Mr. Arrington has been detained since 2016. The case will not be resolved by a guilty plea. *See* Affidavit of Counsel at ¶ 2.

That leaves counsel with one to two weeks to prepare for trial in this case.

Counsel's second scheduled pre-COVID murder trial, *Commonwealth v. Fahey*, Norfolk Superior Court Criminal No. 2015-CR-00337, is presently set for jury selection starting

November 7 and evidence starting November 13, 2023. On that schedule, the trial is expected to conclude by the Thanksgiving holiday. Mr. Fahey is on pretrial release. *Id*.[1]

Mr. Legassa previously had moved to continue trial in this case from a scheduled April 3, 2023 date to October because he expected that *Arrington* and *Fahey* murder cases would be tried in May and June, respectively. *See* Motion to Continue, Docket No. 68. At that time, this case was not sandwiched between the two murder cases and counsel anticipated having ample time to prepare for trial.

Even when the murder cases were continued to either end of the trial in this case, and despite the sprawling scope of the *Arrington* trial, counsel expected to have enough time to prepare for and try all three cases as scheduled. It is clear now that this is not the case. Instead of preparing for both the *Arrington* and Legassa trials during August, counsel has had to devote almost all of his working hours to preparing for the *Arrington* trial. Counsel has not even had time to prepare properly for the *Arrington* trial because the Commonwealth recently disclosed that it had conducted an advanced extraction of data from Mr. Arrington's iPhone and that it intends to offer at trial technological evidence that has never been admitted by any trial court.[2] Instead of preparing in August for the *Arrington* and *Legassa* trials, counsel has had to devote considerable time to reviewing the newly extracted phone data, consulting with an expert, and

---

[1]    Counsel's only other pre-COVID murder case is not presently scheduled for trial. Counsel is certain that the *Arrington* trial will commence on September 11 and expects that the *Fahey* trial will not be continued from November 7. For those reasons, counsel does not anticipate filling a motion in the future to continue trial in this case because of a conflict with trials of pre-COVID cases.

[2]    The technology is so-called "Frequent Location History" ("FLH"), which takes GPS coordinates recorded by the iPhone and, according to an internal logarithm, assigns a specific location and time period whenever the phone is in the vicinity of the FLH location.

briefing the admissibility of the data. The court has scheduled an evidentiary *Daubert* hearing for August 29, 2023 and will hear testimony from expert witnesses. *Id*.

As a result, counsel is behind in preparations for the *Arrington* trial and has not done any preparation in August for the trial of this matter.

Counsel is not happy about having to reschedule this trial. Counsel is not looking for an extended continuance. Counsel can try this case as early as December 11, 2023 and could try this case as early as November 6, 2023 if the court is available and were to determine that this case takes priority over the *Fahey* Norfolk Superior Court matter. This court could issue a protective order to excuse counsel's appearance in that case in November. Counsel is also available to start trial any time beginning January 16, 2024.

But for the state court trial shutdown caused by the global COVID-19 pandemic, and the backlog of serious criminal cases stacked for trials in every county in Massachusetts, there would be no impediment to trying this post-COVID case, with a defendant who is on pretrial release, as scheduled in October. Mr. Legassa should not have to pay the heavy price of proceeding to trial with unprepared counsel because of these unprecedented, unimaginable, and once in more than one life time occurrences. The court and the parties should make sure that this case gets tried only once, not twice because unprepared counsel was constitutionally ineffective.

For those reasons, the interest of justice will be served by the continuance Mr. Legassa seeks. Neither the parties nor the public, given the post-pandemic trial backlog, will be prejudiced by the requested continuance of this 2022 case. Mr. Legassa would, of course, agree

to the exclusion of all time between the present and continued trial dates for purposes of the speedy trial clock.

## Certification

Undersigned counsel certifies that prior to filing this motion, the parties have conferred by email on August 14, 2023 and by phone on August 15, 2023 in good faith to resolve or narrow the issue without success. *See* Local Rules 112.1 and 7.1(a)(2).

        ARIEL LEGASSA
         By his attorney,

        /s/ *E. Peter Parker*
        E. Peter Parker
         B.B.O. #552720
        Law Office of E. Peter Parker
        The Wheelhouse at Bradford Mill
        33 Bradford St
        Concord, MA  01742
        (617) 742-9099
        peter@parkerslaw.com

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 15, 2023.

        /s/ *E. Peter Parker*
        E. Peter Parker