IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

ARIEL LEGASSA,

Defendant.

Crim. No. 22-cr-10038-IT

MOTION IN LIMINE
FOR A PRETRIAL RULING ON ADMISSIBILITY OF BUSINESS RECORDS

The government respectfully requests the Court rule that the records identified in Exhibit A constitute business records based on the certifications available in Exhibits B through Q, such that records custodians will not be required to testify at trial. On several occasions beginning on September 8, 2023, the government has attempted to confer with the defendant about a possible stipulation related to the authenticity of these business records. On September 18th, the government emailed the defendant a draft list of all the keepers of records that it would need to call absent a stipulation. The defendant has not engaged with the government on this discrete issue and has not provided any indication as to whether it will stipulate to the authenticity of any business records.

The government therefore brings this motion, identifying business records the government intends to use at trial[1] and providing copies of their respective certifications under Rule 902(11) of the Federal Rules of Evidence. Pursuant to Rule 902(11), the government should not be required to present testimony at trial from, at least, *sixteen separate records custodians* solely to

---

[1] While the government may identify additional business records prior to trial, this filing identifies the vast majority of business records the government intends on using at trial (either as exhibits or by reference in a summary exhibit under Fed. R. Evid. 1006).

authenticate business records.  Further, the government respectfully requests an expedited ruling to avoid an unnecessary expenditure of government resources and funds in arranging for out of state witnesses' travel as well as the inconvenience to those witnesses and their employers.

I.      *Legal Basis for Pretrial Ruling that Certified Business Records are Admissible Without Live Witness Testimony*

Certified business records are admissible as self-authenticating, non-hearsay evidence, such that no extrinsic evidence of their authenticity is required.  Under Rule 803(6) of the Federal Rules of Evidence, business records are admissible, non-hearsay, if they are certified in accordance with Rule 902(11) and otherwise meet the requirements for business records.[2]  And under Rule 902(11), "a duplicate of a domestic record of regularly conducted activity" is admissible "if accompanied by a written declaration of its custodian or other qualified person."  The purpose of Rule 902(11) is to allow parties to authenticate records of regularly conducted activity without the testimony of a foundation witness.  *United States v. Forty-Febres* (D.P.R. May 11, 2018), *aff'd,* 982 F.3d 802 (1st Cir. 2020); *see also Federal Trade Comm. v. Direct Marketing Concepts, Inc.*, 624 F.3d 1, 16 (1st Cir. 2010) (no error in admitting an exhibit accompanied by a declaration that satisfied Rule 902(11) and holding that the declaration did not need to use the "magic words 'regular course of business'" to satisfy Rule 902(11)).

Further, courts regularly provide pretrial rulings on the admissibility of business records certified in compliance with Rule 902(11).  "The federal courts have long sanctioned—indeed encouraged—the government and criminal defendants to seek pretrial rulings on the admissibility of evidence in the interests of an orderly presentation of evidence at a trial . . . ."  *United States v.*

---

[2] The requirements include: "(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity . . . ."  Fed. R. Evid. 803(6).

*Bulger*, 928 F. Supp. 2d 294, 299–300 (D. Mass. 2013); *see also* Fed. R. Crim. P. 12(b)(1) ("A party may raise by pretrial motion any . . . request that the court can determine without a trial on the merits.").  Common pretrial evidentiary rulings include those in favor of the admissibility of business records under Rule 902(11).  For example, in *United States v. Abbas*, 20-10016-LTS, the Court granted the government's pretrial motion to admit business records:

> The government need not call the keeper of the records for documents for which they possess a certification compliant with the relevant rules in order to authenticate the documents subject to the certification or to establish the documents subject to the certification qualify as business or public records under the relevant rule. Defendant may call any keeper of the records on his own case to explore any relevant issue.

Dkt. 258 (Text Order, May 2, 2022); *accord United States v. Khoury,* 20-10177-PBS, Dkt. 280 (Text Order, June 6, 2022) (granting emergency motion *in limine* for pretrial ruling on admissibility of business records).

II.   *The Court Should Rule Pretrial that the Certified Business Records Produced by the Government are Admissible Without Live Witness Testimony*

The government has produced voluminous business records and their respective authentication certificates to the defendants and provided notice of its intent to offer business records at trial.  *See* Exhibit A (listing productions that include the business records).  The government has also produced authentication certificates that attest to the accuracy of the business records.  *See* Exhibits B–Q (certificates of authenticity corresponding to the business records referenced in Exhibit A).

The records produced to the defendant (referenced in Exhibit A) constitute business records under Rule 803(6).  Further, because they are certified in compliance with Rule 902(11), as reflected in Exhibits B through Q, the records are admissible without the need for witness testimony at trial.  *Direct Marketing Concepts, Inc.*, 624 F.3d at 16.  Holding that the records are

admissible absent trial testimony by each of the sixteen records custodians is therefore consistent with Rule 902(11), will greatly reduce the length of trial, and will conserve the resources of the Court and the parties.  Further, the government respectfully requests that Court provide its ruling as soon as possible to avoid substantial inconvenience to the sixteen business records custodians and their employers, to avoid travel-related costs to the government, and so that the Court and the parties can plan accordingly.  *See, e.g.*, *Bulger*, 928 F. Supp. 2d at 300 (discussing the benefits of "pretrial rulings on the admissibility of evidence").

III.     Conclusion

For the reasons stated above, the government respectfully requests that the Court rule that the records identified in Exhibit A and certified as true and accurate in Exhibits B through Q are business records under Rules 803(6) and 902(11) without the need for testimony of records custodians at trial.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney


/s/ Benjamin A. Saltzman
BENJAMIN A. SALTZMAN
MACKENZIE A. QUEENIN
Assistant United States Attorneys


**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.


Dated: September 24, 2023                     s/ Benjamin A. Saltzman
                                              Benjamin A. Saltzman
                                              Assistant United States Attorney

4