UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARIEL LEGASSA,<br><br>           Defendant. | Crim. No. 22-cr-10038-IT |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE
AND ARGUMENT RELATED TO CIVIL LITIGATION
BETWEEN THE DEFENDANT AND NESN**

The government respectfully moves *in limine* to preclude the defendant from offering certain evidence and argument related to the ongoing civil litigation between the New England Sports Network ("NESN") and the defendant. As set forth below, the Court should preclude such testimony and evidence as irrelevant under Fed. R. Evid. 402 and as unduly prejudicial, misleading and confusing under Fed. R. Evid. 403.

**BACKGROUND**

On January 7, 2022, following its discovery of the defendant's fraud scheme, NESN filed a civil complaint against the defendant in the United States District Court for the District of Massachusetts. *See New England Sports Network, L.P. v. Alley Interactive LLC (CT) et al.*, 22-CV-10024-MJJ.[1] The lawsuit alleges that the defendant stole over $575,000 through a fraudulent invoicing scheme and seeks monetary relief from the defendant. The facts that form the basis of the civil case and the instant criminal case are largely identical, and the same counsel represents

---

[1] The case was originally assigned to Judge Burroughs. On August 9, 2023, the case was reassigned to Judge Joun.

the defendant in both cases. The civil litigation is ongoing and the parties are engaged in civil discovery.

On March 4, 2022, the defendant filed several counterclaims against NESN and individual executives at NESN, including claims of wrongful termination and employment discrimination. ECF No. 35. Among other things, the defendant alleged that both Ray Guilbault (formerly the Chief Financial Officer and Chief Operating Officer of NESN) and Sean McGrail (the Chief Executive Officer of NESN) engaged in racist conduct (such as telling inappropriate jokes and failing to promote an African American employee), and that NESN hired a consultant to engage in diversity and sensitivity training.[2] *Id*. ¶¶ 39-47. On June 8, 2022, the defendant dismissed with prejudice all of his counterclaims against NESN and its senior executives. ECF No. 58.

## LEGAL FRAMEWORK

A defendant's right to a defense "does not include the right to present irrelevant evidence." *United States v. Gottesfeld*, 319 F. Supp. 3d 548, 553 (D. Mass. 2018) (Gorton, J.) (quoting *United States v. Maxwell*, 254 F.3d 21, 26 (1st Cir. 2001)). Evidence is relevant only "if it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Any relevant evidence at trial must, therefore, relate to the elements of the crime charged or applicable defenses. *See United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1998). The Court may also exclude relevant evidence if its probative value is substantially outweighed by a danger of several risks, including unfair prejudice or confusion. Fed R. Evid. 403.

---

[2] Both Ray Guilbault and Sean McGrail appear on the government's witness list, along with two current lower-level NESN employees and one former mid-level employee. Guilbault is a former employee.

2

The First Circuit has made clear that this Court should take affirmative steps to "block defense attorneys' attempts to serenade a jury with the siren song of nullification," *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993), and that "[a]n attorney's attempt to achieve [that] end indirectly" through irrelevant evidence and argument is improper, *United States v. Manning*, 79 F.3d 212, 219 (1st Cir. 1996); *see also United States v. Bunchan*, 626 F.3d 29, 34 (1st Cir. 2010) ("Neither the court nor counsel should encourage jurors to exercise their power to nullify."). In short, "[n]ullification has no basis in law, [and . . .] it would undermine not only the rule of law, but also the values at the core of our democracy." *United States v. Luisi*, 568 F. Supp. 2d 106, 120 (D. Mass. 2008).

I. **ARGUMENT**

    A. **The Court Should Preclude the Admission of Certain Testimony or Argument Related to the Civil Litigation between NESN and the Defendant**

The Court should limit the extent to which the defendant questions current and former NESN employees about the ongoing civil litigation. First, the defendant should not be allowed to cross-examine lower or mid-level NESN employees on the civil litigation between the defendant and NESN. *See United States v. Harris*, 185 F.3d 999, 1008 (9th Cir. July 30, 1999) ("defendant may ordinarily cross examine a prosecution witness to prove bias by proving that **the witness** is suing him") (emphasis added). Second, to the extent that the defendant elects to cross examine current or former senior NESN executives on the civil litigation, he should be limited to questioning the witnesses on the existence of the litigation and the damages that it seeks. Together, these measures will ensure that the jury does not hear unnecessary questioning or testimony related to the civil litigation, which could create risks of undue confusion and prejudice under Fed. R. Evid. 403.

The Court should also preclude the defendant from making improper arguments related to the civil litigation that would amount to a request for jury nullification.  Although it would be improper to do so, the defendant could make explicit or veiled arguments related to the civil litigation, such as encouraging the jurors to acquit the defendant on the basis that he is being punished enough through the civil litigation, or arguing that the civil litigation (rather than the criminal case) is the more appropriate forum for NESN to seek relief and to be made whole.  These arguments invite confusion, improper considerations, and ultimately, jury nullification.  They should be precluded by the Court.

### B. The Court Should Preclude the Admission of Testimony or Argument related to the Defendant's Counterclaims of Racial Discrimination

The Court should also preclude the defendant from eliciting testimony or making arguments related to purported racial discrimination on the part of NESN and its employees. These allegations formed the basis of some of the defendant's now dismissed counterclaims in the civil litigation.  They are irrelevant to the instant criminal case, and highly prejudicial.

First, the defendant's allegations are irrelevant to the issue in this case: whether the defendant orchestrated a fraudulent invoicing scheme.  The allegations of racial discrimination do not bear on any element of the charged offenses and do not constitute an affirmative defense.  *See Smith*, 940 F.2d at 713 (explaining that relevant evidence must relate to the elements of the crime charged or applicable defenses).  Second, the allegations run a significant risk of prejudicing the jury. Accordingly, the Court should preclude the defendant from arguing about alleged racial discrimination on the part of NESN and its employees, questioning NESN witnesses about this issue, and in the event that the defendant elects to take the stand, testifying about this alleged issue.

## II. CONCLUSION

For the foregoing reasons, the Court should preclude the defendant from introducing certain evidence or advancing certain arguments related to the ongoing civil litigation between NESN and the defendant.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

*/s/ Benjamin A. Saltzman*
BENJAMIN A. SALTZMAN
MACKENZIE A. QUEENIN
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I, Benjamin A. Saltzman, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: September 24, 2023                     */s/ Benjamin A. Saltzman*
                                             Benjamin A. Saltzman