UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     Criminal No.: 22-cr-10038-IT |
| | ) |
| ARIEL LEGASSA, | ) |
| | ) |
| | ) |
| Defendant | ) |

## **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, the government respectfully proposes that the Court give the following jury instructions, in addition to any other instructions the Court customarily provides in criminal cases. The government reserves the right to supplement, modify, or withdraw these requested instructions in light of the requested instructions filed by the defendant, the Court's rulings on motions *in limine*, and the evidence presented at trial.

Respectfully submitted,

JOSHUA S. LEVY
United States Attorney

By: */s/ Mackenzie A. Queenin*
BENJAMIN A. SALTZMAN
MACKENZIE A. QUEENIN
Assistant United States Attorneys

Date: September 25, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Mackenzie A. Queenin*
MACKENZIE A. QUEENIN
Assistant United States Attorney

## <u>TABLE OF CONTENTS</u>

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW** ........................................ 1

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT** ........ 2

**DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY *OR* DEFENDANT'S DECISION TO TESTIFY** ................................................................................................... 3

**WHAT IS EVIDENCE; INFERENCES** ........................................................................ 4

**DIRECT AND CIRCUMSTANCIAL EVIDENCE** ........................................................ 5

**CREDIBILITY OF WITNESSES** ................................................................................. 6

**WHAT IS NOT EVIDENCE** ........................................................................................ 7

**IMPROPER CONSIDERATIONS** ............................................................................... 9

**INTERVIEWS OF WITNESSES** ............................................................................... 10

**"ON OR ABOUT" – EXPLAINED** ........................................................................... 11

**PROOF MAY BE DISJUNCTIVE** ............................................................................. 12

**EXHIBITS AND EXHIBIT NUMBERS** .................................................................... 13

**CHARTS AND SUMMARIES** ................................................................................... 14

**MULTIPLE COUNTS** ............................................................................................... 15

**COUNTS ONE-SEVEN: MAIL FRAUD** ................................................................... 16

**COUNTS EIGHT-TEN – UNLAWFUL MONETARY TRANSACTIONS** ................. 19

**FOREPERSON'S ROLE; UNANIMITY** .................................................................... 21

**REACHING AGREEMENT** ....................................................................................... 22

**RETURN OF THE VERDICT FORM** ....................................................................... 23

**COMMUNICATION WITH THE COURT** ................................................................ 24

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW[1]

It is your duty to find the facts from all the evidence admitted in this case.  To those facts, you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law as I give it to you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return, that is a matter entirely for you to decide.

---

[1] *See* Chief District Judge Nancy Torresen's 2023 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit (hereinafter, "Pattern Crim. Jury Instr. 1st Cir."), § 3.01; *United States v. Christopher Condron*, 1:17-cr-10243-IT, Dkt 482, Tr. p. 70-71.

## PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT[2]

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality.  It a matter of the most important substance.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to prove that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.  It is the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.

The law does not require that the government prove guilt beyond all possible doubt.  Proof beyond a reasonable doubt is sufficient to convict.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.  The defendant has the benefit of that presumption, and you are not to convict him of any crime charged unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of the crime charged against him.  If after fair and impartial consideration of all the evidence you have a reasonable doubt as to the defendant's guilt, it is your duty to acquit him of that crime.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt as to his guilt, you should vote to convict him.

---

[2] Pattern Crim. Jury Instr. 1st Cir., §3.02; *United States v. Christopher Condron*, 1:17-cr-10243-IT, Dkt 482, Tr. p. 71-72.

## DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY *OR* DEFENDANT'S DECISION TO TESTIFY

The defendant has a constitutional right not to testify.  That is his absolute right, and in no respect may his election not to testify be considered by you as evidence against him or as a basis for any negative presumption or inference.  For any of you to draw such an inference would be wrong. Indeed, it would be a violation of your oath as a juror.  You must not discuss the fact that the defendant did not testify.  You must not permit such fact to weigh against the defendant, nor should it enter in any way whatsoever in your deliberations or discussions, nor should you speculate in any way as to the reason why the defendant chose not to testify.  You simply must not consider it at all.[3]

### *OR*

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.[4]

---

[3] Pattern Crim. Jury Instr., 1st Cir., §3.03; *United States v. Christopher Condron*, 1:17-cr-10243-IT, Dkt 482, Tr. p. 72-73.

[4] Ninth Circuit Model Criminal Jury Instruction § 3.4.

3

## WHAT IS EVIDENCE; INFERENCES[5]

The evidence in this case consists of the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. You should consider all of the evidence, no matter what form it takes, and no matter what party introduced it.

A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact, to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited to the plain statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You also are permitted to draw from the facts that you find to have been proven any reasonable inferences you believe are justified in light of common sense and personal experience.

---

[5] Pattern Crim. Jury Instr. 1st Cir. §3.04; *United States v. Christopher Condron*, 1:17-cr-10243-IT, Dkt 482, Tr. p. 73.

## DIRECT AND CIRCUMSTANCIAL EVIDENCE[6]

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of a witness that the witness saw or did something.  Circumstantial evidence is indirect evidence—that is, proof of a fact or facts from which you could draw a reasonable inference that another fact exists, even though it has not been proven directly.

You are entitled to consider both kinds of evidence, the law permits you to give equal weight to both but it is for you to decide how much weight to give any evidence.

---

[6] Pattern Crim. Jury Instr. 1st Cir. §3.05; *United States v. Christopher Condron,* 1:17-cr-10243-IT, Dkt 482, Tr. p. 74.

## CREDIBILITY OF WITNESSES[7]

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

In deciding whether to believe a witness's testimony, you may consider a number of factors, such as:

- the witness's conduct and demeanor while testifying;

- the witness's apparent fairness, or any bias he or she may have displayed;

- any interest you discern that the witness may have in the outcome of the case;

- any prejudice the witness may have shown;

- the witness's opportunity to see, hear, or know the things about which he or she testified;

- the reasonableness of the events that the witness related to you, in light of the other evidence which you believe;

- the quality of the witness's memory; and

- any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict the witness's version of the events.

---

[7] Pattern Crim. Jury Instr. 1st Cir. §3.06; *United States v. Christopher Condron,* 1:17-cr-10243-IT, Dkt 482, Tr. p. 74.

## WHAT IS NOT EVIDENCE[8]

Certain things are not evidence. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions to the witnesses—whether by the lawyers or by me—are not evidence standing alone. Again, the lawyers are not witnesses.  The question and answer taken together are the evidence.

3.     The question and objections by lawyer are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the fact that an objection was made or by my ruling on it.  If I sustained an objection, you must ignore the question or exhibit and should not speculate or guess about what the answer might have been or what an exhibit might have contained.

4.     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

5.     Notes, if you have kept them, are not evidence.  They are a personal memory aid to be used to refresh your recollection of the evidence during the deliberations.  Do not assume simply because something appears in someone's notes – even your own – that it is necessarily what happened or was said in court.

---

[8] *See* Pattern Crim. Jury Instr. 1st Cir. §3.08; *United States v. Christopher Condron,* 1:17-cr-10243-IT, Dkt 482, Tr. p. 77-78.

6.     The indictment is not evidence.

7.     Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence, and you must not consider it.

## IMPROPER CONSIDERATIONS[9]

You must decide this case solely upon the evidence.  You must not be influenced by any personal likes, dislikes, prejudices, or sympathies you may have about the defendant or any of the witnesses, or about the nature of the crime with which the defendant is charged.  You may not consider or be influenced by any possible punishment or other consequences that may be imposed on the defendant as a result of a conviction.  The duty of imposing sentence rests exclusively with me.  The question of possible punishment is of no concern to you and should not influence your deliberations in any way.  As I have explained, your function is to weigh the evidence in the case, and to determine whether the government has proved the defendant's guilt beyond a reasonable doubt relying only upon the evidence, and according to the law.

---

[9] *United States v. Benson*, 19-cr-10174-LTS, ECF No. 187; *United States v. Hassan Abbas*, 20-cr-10016-LTS, Dkt 326, Tr. p. 104; *see generally*, *United States v. Christopher Condron,* 1:17-cr-10243-IT, Dkt 482, Tr. p. 90.

## INTERVIEWS OF WITNESSES[10]

There was testimony at trial that the attorneys interviewed witnesses when preparing for, and during the course of, the trial.  There is nothing improper about conducting such interviews.  As part of preparation, lawyers may interview witnesses.

---

[10] *See United States v. Richard Rosario*, No. 16-cr-30044-MGM, Dkt # 1193 at 18 (D. Mass. February 10, 2020); *United States v. Julio Rivera*, 4:19-cr-40018-TSH (D. Mass); *United States v. Hassan Abbas*, No. 20-cr-10016-LTS, Dkt 326, Tr. p. 106.

### "ON OR ABOUT" – EXPLAINED[11]

You will note that the government charged the defendant with committing offenses "on or about" certain specific dates.  The government must prove that the offense happened reasonably close to that date, but is not required to prove that the alleged offense or offenses happened on that exact date.

---

[11] Pattern Crim. Jury Instr. 1st Cir. §2.07.

## PROOF MAY BE DISJUNCTIVE[12]

To the extent the indictment uses the conjunctive word "and," it is sufficient if the government proves the offense in the disjunctive, as if the word "or" had been used.

---

[12] *See United States v. Garcia-Torres*, 341 F.3d 61, 66 (1st Cir. 2003) ("where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means"); *United States v. McCann*, 465 F.2d 147, 162 (5th Cir. 1972); *Fields v. United States*, 408 F.2d 885, 887 (5th Cir. 1969).

## EXHIBITS AND EXHIBIT NUMBERS[13]

The exhibits that have been admitted in evidence for your consideration will be given to you when you retire for your deliberations. The numbers assigned to the exhibits are for convenience and to ensure an orderly procedure. You should draw no inference from the fact that a particular exhibit was assigned a particular number, or that there may be gaps in the number sequence.

---

[13] *United States v. Hassan Abbas,* 20-cr-10016-LTS, Dkt. 326, Tr. p. 108.

## CHARTS AND SUMMARIES[14]

Charts or summaries prepared by the government have been admitted into evidence and were shown to you during the trial for the purpose of summarizing and explaining facts that are contained in other documents. You may consider the charts and summaries as you would any other evidence admitted during the trial and like any other evidence, give it such weight or importance, if any, as you feel it deserves.

---

[14] Adapted from 1A O'Malley, Grenig, & Hon. Lee, *Federal Jury Practice and Instructions*, § 14.02 (6th ed. 2008); *United States v. Christopher Condron,* 1:17-cr-10243-IT, Dkt 482, Tr. p. 77.

## MULTIPLE COUNTS[15]

The defendant is charged in an indictment that contains ten separate counts that charge ten different crimes.  Each count will be set forth separately on the verdict form you will be asked to return.  You must consider each count separately, and you must return a separate verdict as to each count.  Your verdict as to each count must be unanimous and must be determined solely on the evidence, or lack of evidence, presented against the defendant on that count.

---

[15] *United States v. Hassan Abbas,* 20-cr-10016-LTS, Dkt. 326, Tr. p. 108.

## COUNTS ONE-SEVEN: MAIL FRAUD[16]

The defendant is charged with violating the federal statute making mail fraud illegal.  For you to find the defendant guilty of mail fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that there was a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

Second, that the scheme to defraud involved the misrepresentation or concealment of a material fact or matter or the scheme to obtain money or property by means of false or fraudulent pretenses involved a false statement, assertion, half-truth or knowing concealment concerning a material fact or matter;

Third, that the defendant knowingly and willfully participated in this scheme with the intent to defraud; and

Fourth, that for the purpose of executing the scheme or in furtherance of the scheme, defendant caused the United States mail to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, the United States mail would be used, on or about the date alleged.

With respect to the first element, a scheme includes any plan, pattern or course of action. It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the alleged scheme actually succeeded in defrauding anyone.  A scheme to defraud need not be shown by direct evidence but may be established by all of the circumstances and facts in the case.  But the government must prove beyond a reasonable doubt that the scheme was substantially as charged in the indictment.

---

[16] Adopted from Pattern Crim. Jury Instr. 1st Cir. §§ 4.18.1341, 4.18.1343 and cases cited therein.

The term "defraud" means to deceive another in order to obtain money or property.

The second element of mail fraud is that the misrepresentation or concealment relate to a "material" fact.  A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decision of the decisionmaker to whom it was addressed.

The third element of mail fraud requires that the defendant knowingly participated in the scheme, and also that the defendant acted willfully.  The defendant acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him and did not act because of ignorance, mistake or accident.  An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.  Thus, if defendant acted in good faith, he cannot be guilty of the crime.  The burden to prove intent, as with all other elements of the crime, rests with the government.  Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by defendant and all other facts and circumstances received in evidence that may aid in your determination of defendant's knowledge or intent.  You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

As to the fourth element of mail fraud, the mailing does not itself have to be essential to the scheme, but it must have been made for the purpose of carrying it out.  There is no requirement that the defendant himself was responsible for the mailing, that the mailing itself was fraudulent

or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud.  But the government must prove beyond a reasonable doubt that the defendant knew, or could reasonably have foreseen, that use of the mail would follow in the course of the scheme in furtherance of the scheme or for the purpose of executing the scheme.  A mailing can be through the United States mail or delivery by a private or commercial interstate carrier, such as UPS or FedEx.

### COUNTS EIGHT-TEN – UNLAWFUL MONETARY TRANSACTIONS[17]

Counts Eight, Nine, and Ten charge the defendant with unlawful monetary transactions. Count Eight charges an unlawful monetary transaction relating to an alleged April 16, 2021 $49,777 check to Wells Fargo. Count Nine charges an unlawful monetary transaction relating to an alleged May 11, 2021 transfer of $60,000 to the defendant's account at the American Broadcast Employees Federal Credit Union.  Count Ten charges an unlawful monetary transaction relating to an October 4, 2021 $20,000 transfer to the defendant's account at Citibank.

For you to find the defendant guilty of unlawful monetary transactions, you must be convinced that the government has proved each of the following things beyond a reasonable doubt:

<u>First</u>, that the defendant engaged in or attempted to engage in a monetary transaction over $10,000 in a financial institution affecting interstate commerce on the date specified;

<u>Second</u>, that the defendant knew that the money came from some kind of criminal offense;

<u>Third</u>, that the money was in fact criminally derived from specified unlawful activity; and

<u>Fourth</u>, that the specified unlawful activity took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange of funds through or to a financial institution affecting interstate or foreign commerce.

"Affecting interstate commerce" means that the transaction affected commerce in any way or degree. The government does not have to prove that the effect was profound; a minimal effect is sufficient. For example, a deposit in an FDIC-insured bank satisfies the requirement of having had at least a minimal impact on interstate commerce.

The government does not need to prove that the defendant knew that the money was derived from the specified unlawful activity, that is, mail fraud, and the government does not need

---

[17] Adapted from Pattern Crim. Jury Instr. 1st Cir. §§ 4.18.1957; *United States v. Hassan Abbas*, 20-cr-10016-LTS, Dkt. 326, Tr., p. 119-121.

to prove that the defendant committed mail fraud. It is enough that the defendant had general knowledge that the money came from some kind of criminal offense.

## FOREPERSON'S ROLE; UNANIMITY[18]

I come now to the last part of the instructions, the rules for your deliberations.

When you retire to the jury room, you should first choose a foreperson.  You shall permit your foreperson to preside over your deliberations.  The foreperson will have the same voice and the same vote as the other deliberating jurors. Your foreperson will speak for you here in court.

You will discuss the case with the other jurors to reach agreement if you can do so.  Any verdict you return must be unanimous.

---

[18] *See* Pattern Crim. Jury Instr. 1st Cir. §6.01; *United States v. Christopher Condron,* 1:17-cr-10243-IT, Dkt 482, Tr.  p. 90.

## REACHING AGREEMENT[19]

Each of you must decide the case for yourself, but you should do so only after considering all of the evidence, discussing it fully with your fellow jurors, and listening to the views of the other jurors. Do not be afraid to change your opinion if you think you are wrong, but do not come to a decision simply because other jurors think it is right.

It is important that you reach a verdict if you can do so conscientiously. There is no reason for you to think that another jury would be better qualified than you to decide this case. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if a greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that doing so is appropriate.

It is important that you attempt to return a verdict, but only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conclusion as to the weight and effect of the evidence simply to reach a verdict.

---

[19] Pattern Crim. Jury Instr. 1st Cir. §6.03.

## RETURN OF THE VERDICT FORM[20]

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**[*Read form.*]**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

---

[20] Pattern Crim. Jury Instr. 1st Cir. §6.04; *United States v. Christopher Condron,* 1:17-cr-10243-IT, Dkt 482, Tr. 92.

## COMMUNICATION WITH THE COURT[21]

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer outside your door. The note must be signed by your foreperson or by one or more members of the jury. No member of the jury should attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with the member of the jury on matters concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties before answering it, and I will do so as promptly as possible. You may continue with your deliberations while waiting for the answer to any question.

Remember that throughout this process you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

---

[21] Pattern Crim. Jury Instr. 1st Cir. §6.05; *United States v. Christopher Condron,* 1:17-cr-10243-IT, Dkt 482, Tr. 93.