UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.   22-CR-10038-IT |
| | ) | |
| ARIEL LEGASSA | ) | |

**Partially Assented-to Motion To Continue Pretrial Deadlines
and Final Pretrial Conference**

Defendant Ariel Legassa hereby moves to continue the September 25, 2023 and October 2, 2023 deadlines for comprehensive pretrial filings and disclosures by the defense and the October 10, 2023 final pretrial conference for two weeks. The government, through AUSA Mackenzie Queenin, assents to a continuance, but only for one week.

Mr. Legassa states that the current deadlines were set when the scheduled trial date was October 16, 2023. The court allowed in part Mr. Legassa's motion to continue trial for two weeks and rescheduled the trial to October 30, 2023. Mr. Legassa requests that the court continue defendant's filing and disclosure deadlines and the final pretrial conference for two weeks as well to the dates requested below. Mr. Legassa is not presently moving to continue the October 30 trial date although, for the reasons set forth below, that may become necessary.

As grounds for this motion, Mr. Legassa states as follows.

Undersigned counsel has been unable to perform the large amount of substantive work set forth in the court's February 23, 2023 Amended Pretrial Order, Dkt. No. 77, which includes identifying and preparing exhibits, researching and drafting motions in limine, drafting jury voir dire and instructions, and identifying legal issues in a trial brief, because of the demands on

counsel's time to be ready for trial in the matter of *Commonwealth v. Arrington*, Suffolk Superior Court Criminal No. 2016-CR-00824. The court is aware that the *Arrington* trial was scheduled to start jury impanelment on September 11, 2023.

On that date, after the completion of an evidentiary *Daubert* hearing on September 8, 2023, the court ruled in favor of the defense and denied a Commonwealth motion in limine to admit certain data contained in the defendant's cell phone known as "frequent location history" ("FLH"). That data has never been admitted in a court in the Commonwealth. As far as the parties were able to determine, no court in the country has ever ruled on the admissibility of FLH data.[1]

Within hours of the court's ruling on September 11, 2023, the Commonwealth sought leave for interlocutory appeal to a single justice of the Supreme Judicial Court. The parties appeared in the trial court on September 12, 2023 for impanelment. The trial court stayed the start of trial to give the Single Justice time to consider the Commonwealth's appeal petition.

On September 14, 2023, the Single Justice entered an order staying the start of trial and ordered Mr. Arrington to file a response by September 15, 2023 to the Commonwealth's petition. Mr. Arrington did so. *See Commonwealth v. Arrington*, SJ-2023-0353, available at https://www.ma-appellatecourts.org/

On September 19, 2023, the Single Justice ordered the parties to submit further briefing addressing both a procedural issue concerning which of two interlocutory appeal vehicles were available to the Commonwealth, and substantive issues of whether leave to appeal should be

---

[1]     The court heard testimony at an evidentiary *Daubert* hearing on August 29, 2023, September 7, 2023, and September 8, 2023, the Friday before impanelment on the following Monday.

granted, and the merits of the trial court's order excluding the FLH data. The Single Justice set a

Commonwealth filing date of September 22, 2023 (the Commonwealth did not file until

September 25, 2023) and a defense filing date of September 28, 2023.

The demands on undersigned counsel's time to prepare for the evidentiary *Daubert*

hearing and trial in the *Arrington* matter, and now a single justice petition, have been

extraordinary. The Commonwealth did not fully reveal the nature of the FLH evidence it

intended to offer until early July, 2023, and provided no expert reports or specifics until then.

The evidentiary hearing that took place from Aug. 29 to Sept. 8 was originally scheduled for July

27, but the Commonwealth was still disclosing materials then and sought a continuance.[2]

Even without the substantial amount of time consumed by addressing the admissibility of

the FLH data, the *Arrington* case is sprawling. The Commonwealth has listed over 50 witnesses

and likely will call in excess of 30.[3] Other forensic issues include DNA, fingerprints, ballistics,

iPhone data recording steps taken in a health application, expert analysis of surveillance video,

expert analysis of a critical photograph the Commonwealth contends was taken near the crime

scene at the time of the crimes alleged, cross-examination of an eyewitness who was shot in the

---

[2]     In its order dated August 16, 2023 allowing in part Mr. Legassa's motion to continue trial, this court "conclude[d] that Defendant's counsel has used the intervening months prior to August to prepare for this case." Dkt No. 88. That conclusion is incorrect. NESN had not completed its Rule 17(c) subpoena production of materials Mr. Legassa sought until June 26, 2023. Counsel spent considerable time throughout the month of July on the *Arrington* matter working with an expert to understand FLH technology and the Commonwealth's expert disclosures, and preparing to challenge the admissibility of FLH data at an upcoming July 27 evidentiary *Daubert* hearing. Counsel has not been able to do any substantive work on the Legassa matter in July, August, or September.

[3]     The court may be aware that a second lawyer also represents Mr. Arrington. That lawyer is a so-called "appellate specialist." Under CPCS rules, she cannot examine witnesses at trial. Undersigned counsel must examine every witness.

head but survived (her husband was shot dead) and who cannot identify Mr. Arrington as one of the three persons who invaded her home, and complicated cross-examination of a joint venturer who has cooperated with the Commonwealth and who provides the only evidence that Mr. Arrington was one of the three intruders.

Undersigned counsel believes that he can comply with the requested continued dates set forth below and can be ready for trial on October 30, 2023, with one caveat. The *Arrington* case is more than seven years old. Mr. Arrington has been held without bail since his initial appearance in 2016. In the event the Single Justice does not grant the Commonwealth leave to appeal the trial court's exclusion of FLH data, the trial court likely will schedule trial to start immediately. It is unlikely that the Single Justice will rule before the week of October 2, 2023 given that the court will not have a defense pleading before the end of this week. Trial could start as early as October 16, 2023 (the lead prosecutor is not available on October 10 or 11 for personal reasons).

If the Single Justice does not grant leave to appeal, and if the trial court schedules the start of trial for October 16, 2023 or later, undersigned counsel would not finish with the *Arrington* trial before the presently-scheduled October 30, 2023 start date for the trial of this case. In that event, undersigned counsel would follow the procedure set forth in Local Rule 40.2(d), "Conflict of Court Appearances," and notify each court of the conflict. The *Arrington* trial would take precedence and the Rule would require that the Legassa matter be rescheduled,

4

"unless the presiding Superior Court Justice and judicial officer agree otherwise."[4] Local Rule 40.2(d).

For all of the foregoing reasons, the court should continue the September 25 and October 2, 2023 filing and disclosure deadlines to October 10 and October 16, 2023, and should continue the final pretrial conference to October 24, 2023.

### LOCAL RULE 7.1 CERTIFICATION

By exchange of emails on September 25, 2023, undersigned counsel conferred with counsel for the government in a good faith attempt to resolve or narrow the issues raised in this motion. The government agreed to a one-week continuance of the defendant's pretrial filing and disclosure deadlines, not two weeks as counsel requests. Thus, the parties were able to narrow, but not resolve, the issues.

ARIEL LEGASSA
By his attorney,

/s/ *E. Peter Parker*
E. Peter Parker
 B.B.O. #552720
Law Office of E. Peter Parker
The Wheelhouse at Bradford Mill
33 Bradford St
Concord, MA  01742
(617) 742-9099
peter@parkerslaw.com

---

[4]      The *Arrington* trial would take precedence over this case because it is a jury trial in a criminal case that involves a defendant who is in custody. *See* Local Rule 40.2(d)(1) - (4).

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 25, 2023.

/s/ *E. Peter Parker*
E. Peter Parker