UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  22-CR-10038-IT |
| | ) | |
| ARIEL LEGASSA | ) | |

**Defendant's Motion in Limine to Exclude Evidence**

Defendant Ariel Legassa hereby moves in limine for an order excluding the following evidence the government intends to offer at trial: (1) personal information in credit card, bank, and loan records; and (2) inadmissible portions of Mr. Legassa's post-arrest interrogation by law enforcement agents.

1. **The Court Should Order Redaction of Personal Information From Credit Card, Bank, and Loan Statements**

The government has produced extensive records of credit card accounts, bank accounts, and loan records that comprise many hundreds of pages. While some of the information in the account records is likely admissible and relevant, the records contain vast categories of information Mr. Legassa contends is neither, namely: information about Mr. Legassa's wife, including her employer and the amount of her directly-deposited salary; Mr. Legassa's daughter, who has her own card on one of the credit card accounts; and every purchase made by the Legassa family with credit cards, checks, and debit cards covering periods of up to nearly two years. The records provide a comprehensive look at how the family spends money and what it spends money on. This information constitutes an enormous invasion of the privacy of Mr.

Legassa and his family members. It is also largely irrelevant to any issue the government has to prove in its effort to convict Mr. Legassa.

As the parties are required to do in this session before filing trial motions in limine, Mr. Legassa and the government have conferred, continue to confer, and believe that they likely will be able to narrow the financial account information issues. The government has represented that it intends to offer relevant evidence from the mass of financial records in summary form and may not necessarily need to put the underlying records into evidence. That would largely alleviate Mr. Legassa's privacy/relevance concerns.

As the parties continue to discuss this issue, and as the government makes its summary charts available for counsel's review, the parties will provide the court with an update.

 2. **Mr. Legassa's Post-arrest Statement**

The government has pre-marked as trial exhibits an audio recording and a transcript of a post-arrest interrogation of Mr. Legassa at the time of his arrest by the arresting FBI agents. It is the government's intention to offer the recording and transcript in their entirety as evidence.

Mr. Legassa has not moved to suppress the statement. He does not now move to exclude the statement in its entirety. Rather, Mr. Legassa objects to the admission of those portions of the statement that constitute inadmissible hearsay, which include opinions and accusatory assertions made by the interrogating agents that they believe Mr. Legassa is guilty, which Mr. Legassa unequivocally denied. The agents' opinions of Mr. Legassa's guilt are irrelevant. They would not be permitted to testify live at trial that they believed he was guilty. That is, of course, the exclusive province of the jury.

The government likely will offer the post-arrest statement as a non-hearsay admission by a party opponent pursuant to Fed. R. Evid. 801(d)(2). However, not everything in an interrogation constitutes an admissible admission by a party. Statements of interrogating law enforcement officers that are not questions and are not adopted by the person questioned are inadmissible hearsay. *See U.S. v. Campbell*, 223 F.3d 1286 (11th Cir. 2000).

In *Campbell*, the court considered whether the trial court erred by admitting an interrogating law enforcement officer's comment during questioning of an arrestee about cocaine found in his luggage that he must have known about the cocaine because "nobody gives this amount of cocaine to someone they don't trust." *Campbell, supra*. Although the court upheld the trial court's order to admit the "agent's hearsay opinion" on plain error review, the court "emphasize[d], however, that our conclusion is not meant to condone the Customs agent's conduct in this investigation. It was improper for the agent to include his personal opinion regarding Campbell's guilty knowledge in Campbell's statement. But Campbell neither objected to the admission of the statement nor requested its redaction. … we respectfully decline the dissent's invitation to create a rule that would require district courts to independently police the admissibility of hearsay or risk reversal." *Id*.

The dissenting judge in *Campbell* likened the agent's insertion of his hearsay opinion of the defendant's guilt into the defendant's statement to the "manufacture of evidence" and explained that "[i]t was egregiously improper for the agent to include in Campbell's statement his own opinion that lack of knowledge, the critical basis of Campbell's defense, was without merit." *Id*.

Under Massachusetts law, accusatory statements made by law enforcement officers during custodial interrogations, which are unequivocally denied by the interrogee, are inadmissible hearsay. *See Commonwealth v. Womack*, 457 Mass. 268, 272 (Mass. 2010) ("[e]xtrajudicial accusatory statements made in the presence of a defendant, which he has unequivocally denied, are hearsay and inadmissible as evidence of guilt in the Commonwealth's case-in-chief") (upholding admission of statements on plain error review) (footnotes and citations omitted).

Mr. Legassa's post-arrest statement is riddled with improper hearsay expressions of the agents' personal opinion regarding Mr. Legassa's guilt and accusatory statements, all of which Mr. Legassa unequivocally denied. One illustrative example is attached as Exhibit 1. The interrogating agent is not posing a question. Rather, he admittedly "explain[s]" his entire view of the evidence. *See* Ex. 1 at 35. The agent repeatedly tells Mr. Legassa not to speak when he tries to interrupt. *Id* at 36 ("Sh-sh— and let me finish, okay?); 38 ("No, and let, let me finish, okay?"). The agent concludes by accusing Mr. Legassa of stealing from NESN, which Mr. Legassa unequivocally denies. This is precisely the type of improper, inadmissible, extrajudicial hearsay the cases cited above have recognized as improper.

As the parties are required in this session to do before filing trial motions in limine, Mr. Legassa and the government have conferred, continue to confer, and believe that they may be able to narrow the issues over the admissibility of the objectionable portions of the post-arrest statement. The government has requested the opportunity to review the argument and case law set forth in this pleading.

As the parties continue to discuss this issue, the parties will provide the court with an update in advance of the October 20, 2023 final pretrial conference.

## Certification

Undersigned counsel certifies that prior to filing this motion, the parties have conferred by email on October 5, 2023 and by phone on October 6, 2023 in good faith to resolve or narrow the issue with some success, as reported above, and that the parties shall continue to confer in an effort to narrow the issues presented in this pleading. *See* Local Rules 112.1 and 7.1(a)(2).

        ARIEL LEGASSA
         By his attorney,

        /s/ *E. Peter Parker*
        E. Peter Parker
         B.B.O. #552720
        Law Office of E. Peter Parker
        The Wheelhouse at Bradford Mill
        33 Bradford St
        Concord, MA  01742
        (617) 742-9099
        peter@parkerslaw.com

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 6, 2023.

        /s/ *E. Peter Parker*
        E. Peter Parker