UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARIEL LEGASSA,<br><br>  Defendant. | Crim. No. 22-cr-10038-IT |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE
AND ARGUMENT RELATED TO NESN'S INSURER PAYMENTS**

The government respectfully moves *in limine* to preclude the defendant from offering certain argument or cross examination questions related to the fact that New England Sports Network's ("NESN") insurer reimbursed NESN for the defendant's theft. As set forth below, the Court should preclude such argument and questioning as irrelevant under Fed. R. Evid. 402 and as unduly prejudicial, misleading and confusing under Fed. R. Evid. 403.[1]

A defendant's right to a defense "does not include the right to present irrelevant evidence." *United States v. Gottesfeld*, 319 F. Supp. 3d 548, 553 (D. Mass. 2018) (Gorton, J.) (quoting *United States v. Maxwell*, 254 F.3d 21, 26 (1st Cir. 2001)). Evidence is relevant only "if it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Any relevant evidence at trial must, therefore, relate to the elements of the crime charged or applicable defenses. *See United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1998).

---

[1] While the government could object to the question if and when it is posed, the jury cannot "unhear" it. The government therefore seeks this ruling in advance of trial. Even if the Court were to sustain the government's objection, the question alone would invite improper nullification.

The Court should preclude argument or cross-examination questions related to the fact that NESN's insurer reimbursed NESN for the defendant's theft, because it is not relevant to any elements of the charged crimes or any possible defense. Whether or not a victim received some or all of their money back is not relevant to the crime of mail fraud-- it has no bearing on the defendant's intent. *United States v. Gustaf Njei*, 21-cr-10196-FDS, Dkt 145 (precluding argument on fact that victims received money back); *United States v. Leahy*, 464 F.3d 773, 786-87 (7th Cir. 2006)("the mail fraud statute does not require the government to prove either contemplated harm to the victim or any loss."); *United States v. Steiner*, No. 97-10071, 1998 U.S. App. LEXIS 17528, at *3 (9th Cir. July 27, 1998)("In order to prove mail fraud, the government is not required to prove an actual loss."). In short, the fact that the NESN received an insurance payment has no relevance to the central issue in this case: whether the defendant orchestrated a fraud scheme.

Allowing any argument or even a cross-examination question directed at the topic would amount to improper jury nullification. Such an argument would encourage the jurors to acquit the defendant on the basis that NESN has already received monetary relief and been "made whole." The First Circuit has made clear that this Court should take affirmative steps to "block defense attorneys' attempts to serenade a jury with the siren song of nullification," *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993), and that "[a]n attorney's attempt to achieve [that] end indirectly" through irrelevant evidence and argument is improper. *United States v. Manning*, 79 F.3d 212, 219 (1st Cir. 1996); *see also United States v. Bunchan*, 626 F.3d 29, 34 (1st Cir. 2010) ("Neither the court nor counsel should encourage jurors to exercise their power to nullify."). *United States v. Luisi*, 568 F. Supp. 2d 106, 120 (D. Mass. 2008)("[n]ullification has no basis in law, [and . . .] it would undermine not only the rule of law, but also the values at the core of our democracy." )  These "no harm, no foul" arguments are not merely inaccurate, they invite

confusion, improper considerations, and ultimately, jury nullification. They should be precluded by the Court.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

/s/ Mackenzie A. Queenin
BENJAMIN A. SALTZMAN
MACKENZIE A. QUEENIN
Assistant United States Attorneys

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Mackenzie A. Queenin, hereby certify that the parties have conferred and in good faith have attempted to narrow the issue before the Court. Defense counsel has indicated he will review case law and the parties will further confer in advance of the pre-trial conference.

Date: October 13, 2023                         /s/ Mackenzie A. Queenin
                                               Mackenzie A. Queenin

## CERTIFICATE OF SERVICE

I, Mackenzie A. Queenin, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: October 13, 2023                         /s/ Mackenzie A. Queenin
                                               Mackenzie A. Queenin