IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 22-CR-10038-IT |
| | ) | |
| ARIEL LEGASSA, | ) | |
| | ) | |
| Defendant | ) | |

## GOVERNMENT'S RESPONSE TO THE DEFENDANT'S
## MOTIONS IN LIMINE

On October 6, 2023, the defendant filed a motion in limine to exclude certain evidence. ECF No. 111. The defendant requested that the Court (1) order the government to redact personal information from the defendant's financial records and (2) preclude the admission of law enforcement statements in connection with a post-arrest interview. *Id.*

As set forth below, the government opposes the defendant's request for the redaction of certain records. Additionally, as the government does not intend to introduce the defendant's post-arrest statements in its case-in-chief, the defendant's request to preclude the admission of law-enforcement statements is now moot.

### I.       The Defendant's Financial Records are Relevant and Admissible

The defendant is charged in a ten-count indictment with seven counts of mail fraud and three counts of unlawful monetary transactions. As alleged in the Indictment, from roughly December 2020 through January 2022, the defendant orchestrated a scheme to defraud NESN of over $575,000. He then spent the money on personal expenses. For example, he paid off a loan for a Tesla and for a private plane, credit card expenses, home improvement projects, and more.

1

As part of its case, the government intends to introduce the defendant's financial records in evidence.  These records, such as bank statements, credit card statements, and loan records, demonstrate *how* the defendant spent the fraud proceeds and help explain *why* the defendant perpetrated this scheme.  Accordingly, the records demonstrate motive and are squarely relevant and necessary for the government to meet its burden of proof.  *See United States v. Crater*, 19-10063-DJC, Dkt. 147 (denying the defendant's "Motion in Limine to Exclude Evidence Relating to Personal Expenditures" where the government charged wire fraud and money laundering).

As part of his single-paragraph objection to the admissibility of certain records, the defendant contests the relevancy of his wife's financial records; however, the defendant's wife and her corresponding financial records are squarely relevant to his use of the fraud proceeds.  The defendant wired over $150,000 of the fraud proceeds to a joint account that he held with his wife.  They used that money to pay off two car loans, two personal loans (one in each of their names), and to make payments on their home equity loan.  Additionally, shortly after he was fired from NESN, the defendant wired almost $80,000 from this joint account to an account held exclusively in the name of his wife.  As such, the defendant's wife's finances are relevant and admissible.

## II.    Summary Charts May Obviate the Need for the Financial Records

As set forth in its trial brief, the government intends to introduce summary exhibits of these voluminous financial records pursuant to Fed. R. Evid. 1006.  FBI Forensic Accountant Rebecca Curtin has drafted charts that summarize the defendant's receipt and spending of the fraud proceeds.  Assuming the Court admits the summary exhibits in evidence, the government expects that it will not need to move the majority of the defendant's underlying financial records in evidence in its case in chief.  Accordingly, such a ruling would obviate the requested relief in the defendant's motion.

### III.    The Parties May Confer Further on this Topic

In his motion, the defendant sets forth a generalized concern about his family's privacy interests.  To the extent that the defendant has specific concerns about a particular expense or set of records, as previously relayed to defense counsel, the government remain ready to confer and consider possible redactions.

<div style="margin-left:45%">

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: */s/ Benjamin A. Saltzman*
    BENJAMIN A. SALTZMAN
    MACKENZIE A. QUEENIN
    Assistant United States Attorneys

</div>

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

Dated:  October 13, 2023           By: */s/ Benjamin A. Saltzman*
                             BENJAMIN A. SALTZMAN
                             Assistant United States Attorney