UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.   22-CR-10038-IT |
| | ) | |
| ARIEL LEGASSA | ) | |

**Defendant's Objections and Response to Amended Pretrial Order**

Defendant Ariel Legassa hereby objects and responds to court's February 2, 2023

Amended Pretrial Order.

**Section III, Defendant's Disclosures.**

In Section III of the Amended Pretrial Order, the court ordered that absent written

objection, the defendant shall provide the government with:

> names and addresses of witnesses the defendant intends to call during his case-in-chief;
>
> statements of witnesses the defendant intends to call during his case-in-chief; and
>
> copies of and a pre-marked list of the exhibits the defendant intends to call during his case-in-chief.

Defendant objects to the disclosure obligations set forth above. Pursuant to Fed. R. Crim.

P. 16(b)(1)(A), a defendant in a criminal case is required only to "permit the government, upon

request, to inspect and to copy or photograph books, papers, documents, data, photographs,

tangible objects, buildings or places, or copies or portions of any of these items if: … the

defendant intends to use the item in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)

(1)(A). *See also* Local Rule 116.1(d) (incorporating disclosure requirements of Fed. R.. Crim. P.

16(b)(1)(A) and (B).

Nothing in those rules or any other procedural rule, in the Jencks Act, 18 U.S.C. § 3500, or any other statute, or in the due process clause or any other provision of the Untied States Constitution, requires a defendant to disclose to the government prior to trial the names or statements of witnesses the defendant intends to call during his case-in-chief.

Requiring a defendant to disclose witness statements before trial could impair the defendant's Sixth-Amendment right to effectively confront witnesses on cross-examination, which numerous courts have observed is "the greatest legal engine ever invented for the discovery of truth." *U.S. v. Ventura-Melendez*, 275 F.3d 9, 15 (1st Cir. 2001), *quoting Lilly v. Virginia*, 527 U.S. 116, 124 (1999) (plurality opinion) (quoting *California v. Green*, 399 U.S. 149, 158 (1970). *See also Davis v. Alaska*, 415 U.S. 308, 316 (1974) ("cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested").

Subject to and without waiving this objection, Mr. Legassa states that that he: has not determined whether he will call witnesses at trial or identified such witnesses; has not determined whether he will offer exhibits during his case-in-chief at trial or identified exhibits; and has in his possession, custody, or control no witness statements.

**Section II, Initial Pretrial Filings.**

In Section II of the Amended Pretrial Order, the court has ordered that Mr. Legassa file any objections to the government's proposed voir dire questions and jury instructions.

Mr. Legassa does not object to the government's proposed voir dire questions.

Mr. Legassa objects to the Amended Pretrial Order to the extent that it requires him to object to the government's requested jury instructions prior to trial and before the close of

evidence. Mr. Legassa states that he is required only to object to the jury instructions once the court has instructed the jury. *See U.S. v. Moran*, 393 F.3d 1, 13 (1st Cir. 2004) (Fed. R. Crim. P 30(b) requires "that objections to jury instructions be made after the judge has charged the jury, but before the jury retires to deliberate"); Fed. R. Crim. P. 30(b) ("[a] party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate").

Subject to and without waiving this objection, Mr. Legassa states that he does not have any objections at this time to the jury instructions submitted by the government. He reserves the right to object to any of those instructions, or any other instructions the court actually gives the jury, once the government has presented its case, the evidence has closed, and the court has instructed the jury. *See Moran*, *supra*.

**Section IV, Final Pretrial Filings.**

In Section IV of the Amended Pretrial Order, the court has ordered that the parties file written stipulations of fact, a joint exhibit list of all exhibits, a list of witnesses, and a trial brief raising all foreseeable disputes concerning issues of law.

There are no written stipulations of fact.

Mr. Legassa objects to filing a list of witnesses prior to trial. He has not yet determined whether he will call witnesses at trial or identified such witnesses.

Mr. Legassa objects to filing a joint list of exhibits prior to trial. He specifically objects to listing "all exhibits [the defense] may offer at trial," and that he notate "those items the [defense] expects to offer and those it may offer if the need arises." Amended Pretrial Order at 3. As written, this order would require Mr. Legassa to provide the government with advanced notice of

documents or materials that he may use to impeach government witnesses during cross-examination and may, depending on the witness' responses, want to offer. That requirement could impair Mr. Legassa's Sixth-Amendment right to effectively confront witnesses on cross-examination. *See Ventura-Melendez*, *Lilly v. Virginia*, *California v. Green*, and *Davis v. Alaska*, *supra*.

Subject to and without waiving these objections, Mr. Legassa states that he has not yet determined whether he will offer exhibits during cross-examination of the government's witnesses or during his case-in-chief at trial.

Mr. Legassa states that that he has not yet determined whether he will call witnesses at trial or identified such witnesses.

Mr. Legassa states that he does not at this point foresee disputes concerning issues of law that could be addressed in a trial brief.

ARIEL LEGASSA
 By his attorney,

/s/ *E. Peter Parker*
E. Peter Parker
 B.B.O. #552720
Law Office of E. Peter Parker
The Wheelhouse at Bradford Mill
33 Bradford St
Concord, MA  01742
(617) 742-9099
peter@parkerslaw.com

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 13, 2023.

/s/ *E. Peter Parker*
E. Peter Parker