UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARIEL LEGASSA,<br><br>                    Defendant. | Crim. No. 22-cr-10038-IT<br><br>Leave to File Granted on 10/17/23 |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE EVIDENCE AND ARGUMENT RELATED TO CIVIL LITIGATION BETWEEN DEFENDANT AND NESN**

While working as the Vice President of Digital Operations, Ariel Legassa stole over half a million dollars from NESN. He did so by incorporating a fake company with the same name as a real vendor that NESN worked with, creating fake invoices with the same logo as that actual vendor, and repeatedly directing payments to his fake company over an eight-month period. In an attempt to distract the jury from the actual issue in this case—whether Legassa orchestrated this scheme to defraud NESN—Legassa now alleges that NESN executives were racist. He simultaneously contends, both in his civil pleadings and in a recorded interview with the Federal Bureau of Investigation, that those same executives orchestrated a secret side deal with him and agreed to pay him hundreds of thousands of dollars through the fake company he incorporated—all in addition to his salary of more than $255,000. *See NESN v. Ariel Legassa*, 22-cr-10024, Dkt 35.

The Court should preclude argument and questioning about alleged racism at NESN as irrelevant under Fed. R. Evid. 402. As a preliminary matter, Rule 402 requires the defendant to establish relevance. *See* Fed. R. Evid. 402. He has not done so. The defendant has set forth

threadbare allegations, which NESN has denied.[1]  The defendant then voluntarily dismissed his counterclaims in the civil lawsuit alleging racial discrimination.  *See NESN v. Ariel Legassa*, 22-CV-10024, Dkt 42, 58.

The defendant has established no grounds under which the alleged racial animus would be relevant to this criminal prosecution.  The suggestion that NESN executives harbored racial bias against Legassa, while also (1) engaging in a secret side deal to pay him massive amounts of money under the table (and undertaking significant legal risk in so doing) and (2) providing him with an almost 20% salary increase in 2021 (at the same time as the alleged fraud), is patently absurd.  Simply put, there is no logical relationship between Legassa's fraud against NESN, and his generalized allegations of racial discrimination.  Accordingly, the Court should preclude any questions about alleged racial bias on the part of NESN witnesses under Fed. R. Evid. 402.

Further, it is appropriate for the Court to issue a pretrial ruling on this issue.  While the government could object to any argument or questions surrounding racial bias, the jury cannot "unhear" the questions offered by defense counsel and block out what those questions imply.  Absent some showing of relevance, even alluding to racial discrimination let alone asking questions about it on cross examination is prejudicial.  Even if the Court were to sustain the government's objection, the question alone would invite improper nullification and neither the government nor the Court could "un-ring" the bell.  The government therefore respectfully seeks this ruling in advance of trial.

---

[1] Legassa's opposition alleges instances of inappropriate comments but does not allege when they were made, to whom they were directed, or how that relates at all to the instant case.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

*/s/ Mackenzie A. Queenin*
BENJAMIN A. SALTZMAN
MACKENZIE A. QUEENIN
Assistant United States Attorneys

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Mackenzie A. Queenin, hereby certify that the parties have conferred and in good faith have attempted to narrow the issue before the Court.  Defense counsel has indicated he will review case law and the parties will further confer in advance of the pre-trial conference.

Date: October 17, 2023                                                              */s/ Mackenzie A. Queenin*
                                                                                                     Mackenzie A. Queenin

## CERTIFICATE OF SERVICE

I, Mackenzie A. Queenin, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: October 17, 2023                                                              */s/ Mackenzie A. Queenin*
                                                                                                     Mackenzie A. Queenin