IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 22-cr-10038-IT |
| | ) | |
| ARIEL LEGASSA, | ) | |
| | ) | |
| Defendant | ) | |

# GOVERNMENT'S OBJECTION TO DEFENDANT'S REQUESTED JURY INSTRUCTION

The government respectfully submits this objection to the defendant's Requested Jury Instruction. Dkt. 125. First, the defendant's request for the instruction is premature because the government is unaware of any evidence supporting the defendant's claim of good faith. The defendant has declined to file a witness list and has not provided the government with any exhibits. Dkt 120. As such there is no indication that he will offer any evidence of this defense.[1] Additionally, the defense offered by the defendant is factually inapposite with a good faith defense and the instruction the defendant seeks. Legassa does not allege he was unaware the fraudulent activity was happening—he alleges that the CEO and CFO of NESN were part of the fraud.

Further, the government objects to the defendant's proposed instruction because a standalone "good faith" instruction is not warranted. In its proposed instructions, the government included a "good faith" instruction within the general instruction on knowing and willful conduct. *See* Dkt 102, at p. 19. It is well-settled in the First Circuit that no more is required. *United States*

---

[1] "Although a defendant has a right to have the jury instructed on his theory of the defense, this right extends only to those defenses for which there is sufficient evidentiary support. The defendant is not entitled to an instruction on a defense when the evidence in the record does not support that defense." *United States v. Lopez-Lopez*, 282 F.3d 1, 18 (1st Cir. 2002) (citations omitted).

1

*v. Mueffelman*, 470 F.3d 33, 37 (1st Cir. 2006)(stating "if references to good faith are made in fraud instructions, this must be done with great care" and noting that despite conviction, instruction on good faith in a mail fraud prosecution was overly favorable to the defense); *United States v. Camuti*, 78 F.3d 738, 744 (1st Cir. 1996) ("A separate instruction on good faith is not required in this circuit where the court adequately instructs on intent to defraud."); *United States v. Dockray*, 943 F.2d 152, 155 (1st Cir. 1991) ("[W]here the court properly instructs the jury on the element of intent to defraud—essentially the opposite of good faith—a separate instruction on good faith is not required."); *United States v. Berroa*, 856 F.3d 141, 161 (1st Cir. 2017) ("[T]he court told the jury that 'to establish specific intent, the Government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law.' Accordingly, no separate good faith instruction was required."); *see United States v. Elijah Buoi*, 20-cr-10130-FDS-1, Dkt 162, at 5 (declining to provide separate good faith jury instruction in light of *Muffelman* opinion); *see United States v. Hassan Abbas*, 20-cr-10016-LTS, Dkt 326 at 113 (declining to provide standalone good faith instruction); *see also United States v. Bowling*, 2009 WL 6854970, at *2 (10th Cir. Dec. 23, 2009) (noting that "every one of our sister circuits has come to reject the idea that district courts must give a separate 'good faith' jury instruction in fraud cases").

The case cited to by the defendant does not support his position. *United States v. Soto*, 799 F.3d 68, 94-95 (1st Cir. 2015). In *Soto*, the court merely discussed a good faith instruction given by the district court and ruled that the defendant waived any claim that the instructions were inadequate.

Accordingly, the government respectfully requests that the Court decline to give a separate "good faith" instruction, and instead include the government's proposed "good faith" language in its instruction on specific intent to defraud.

                                        Respectfully submitted,

                                        JOSHUA S. LEVY
                                        Acting United States Attorney

By:    /s/ *Mackenzie A. Queenin*
          Benjamin A. Saltzman
          Mackenzie A. Queenin
          Assistant United States Attorneys

**Certificate of Service**

    I, Mackenzie A. Queenin, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: October 19, 2023                                         /s/ *Mackenzie A. Queenin*
                                                                     Mackenzie A. Queenin