IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> ) <br> v.                                    ) <br> ) <br> ARIEL LEGASSA,                ) <br> ) <br>          Defendant         ) | Criminal No. 22-cr-10028-IT |

## **STIPULATIONS**

The parties agree as follows, and further reserve the right to object to the admissibility of the following documents on all grounds other than authenticity:

1. Exhibits 39-47 consist of authentic business records of Santander Bank within the meaning of Federal Rules of Evidence 803(6), 901 and 902(11) and are admissible in evidence without the testimony of a keeper of the records.

2. Exhibits 48 through 49 consist of authentic business records of Postnet within the meaning of Federal Rules of Evidence 803(6), 901 and 902(11) and are admissible in evidence without the testimony of a keeper of the records.

3. Exhibits 50-55 consist of authentic business records of Tompkins Mahopac Bank within the meaning of Federal Rules of Evidence 803(6), 901 and 902(11) and are admissible in evidence without the testimony of a keeper of the records.

4. Exhibits 56-57 consist of authentic business records of Wells Fargo within the meaning of Federal Rules of Evidence 803(6), 901 and 902(11) and are admissible in evidence without the testimony of a keeper of the records.

5. Exhibits 58-60 consist of authentic business records of Capital One within the meaning of Federal Rules of Evidence 803(6), 901 and 902(11) and are admissible in evidence without the testimony of a keeper of the records.

6. Exhibits 61-62 consist of authentic business records of Citibank, N.A. within the meaning of Federal Rules of Evidence 803(6), 901 and 902(11) and are admissible in evidence without the testimony of a keeper of the records.

7. Exhibits 63-65 consist of authentic business records of Goldman Sachs within the meaning of Federal Rules of Evidence 803(6), 901 and 902(11) and are admissible in evidence without the testimony of a keeper of the records.

8. Exhibits 66-80 consist of authentic business records of American Broadcast Employees Federal Credit Union within the meaning of Federal Rules of Evidence 803(6), 901 and 902(11) and are admissible in evidence without the testimony of a keeper of the records.

9. Exhibit 117 consists of an authentic business record of American Express within the meaning of Federal Rules of Evidence 803(6), 901 and 902(11) and is admissible in evidence without the testimony of a keeper of the records.

10. Exhibit 118 consists of an authentic business record of Cedar Mountain Stone Express within the meaning of Federal Rules of Evidence 803(6), 901 and 902(11) and is admissible in evidence without the testimony of a keeper of the records.

11. Exhibit 119 consists of an authentic business record of Chapman Lumber within the meaning of Federal Rules of Evidence 803(6), 901 and 902(11) and is admissible in evidence without the testimony of a keeper of the records.

12. Exhibit 120 consists of an authentic business record of Chippanee Construction within the meaning of Federal Rules of Evidence 803(6), 901 and 902(11) and is admissible in evidence without the testimony of a keeper of the records.

13. Exhibit 121 and 146 consist of self-authenticating public records from the Connecticut Secretary of State within the meaning of Federal Rules of Evidence 803(6), 901 and 902(4) and are admissible in evidence without the testimony of a keeper of the records.

14. Exhibit 140 consists of an authentic business record of Robco Pools LLC within the meaning of Federal Rules of Evidence 803(6), 901 and 902(11) and is admissible in evidence without the testimony of a keeper of the records.

15. Exhibit 158 consists of authentic business records of Discover within the meaning of Federal Rules of Evidence 803(6), 901 and 902(11) and is admissible in evidence without the testimony of a keeper of the records.

16. Exhibit 159 consists of an authentic business record of Commerce Bank within the meaning of Federal Rules of Evidence 803(6), 901 and 902(11) and is admissible in evidence without the testimony of a keeper of the records.

Respectfully Submitted,

| | |
|---|---|
| JOSHUA S. LEVY<br>ACTING US ATTORNEY | ARIEL LEGASSA |
| By:  /s/ *Mackenzie Queenin*<br>Benjamin A. Saltzman<br>Mackenzie A. Queenin<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>One Courthouse Way<br>Boston, MA 02210 | By:  /s/ *Peter Parker*<br>Peter Parker<br>151 Merrimac Street, #200<br>Boston, MA 02114 |

## Certificate of Service

I, Mackenzie A. Queenin, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: October 24, 2023               /s/ *Mackenzie A. Queenin*
                                                              Mackenzie A. Queenin