UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARIEL LEGASSA,<br><br>Defendant. | Crim. No. 22-cr-10038-IT |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
CERTAIN CLOSING ARGUMENTS BY THE DEFENDANT**

In advance of closing arguments, the government respectfully moves *in limine* to preclude the defendant from arguing that there is evidence that (1) the defendant entered into a side deal, or any "unorthodox" deal, with New England Sports Network ("NESN") to pay him over $575,000, and (2) that in addition to all his regular job responsibilities, the defendant worked on a "white-label" Direct-to-Consumer ("DTC") project while at NESN. It is settled law that during closing argument, parties may only refer to facts *in evidence*. *See United States v. Cruz-Rivera*, 14 F. 4th 32, 53 (1st Cir. 2021) ("in making closing arguments, a prosecutor 'cannot refer to facts not in evidence'"); *see also*, *United States v. Smith*, 778 F.2d 925, 929 (2nd Cir. 1985) (prosecution and defense may not refer to facts not in evidence during closing arguments).

During his opening statement, the defendant told the jury that it could expect to hear evidence on both the "side-deal" and "white-label" project. However, over the course of this three-day trial, the defendant, who elected not to put on an affirmative case, has elicited no evidence on these issues through the cross-examination of government witnesses. Accordingly, the Court should preclude the defendant from arguing that there is evidence of either subject.

I.      **The Court Should Preclude the Defendant from Arguing That There was a Side-Deal Between Him and NESN**

In his opening statement, the defendant told the jury that the payments by NESN to Alley Interactive in Connecticut were not fraudulent, but rather part of a secret agreement:

> [The evidence] will show that what we have here is an agreement, around an arrangement, not a crime.  An unusual agreement, to be sure, an unorthodox agreement, but an agreement nonetheless and not a crime.

Trial Tr. October 31, 2023 (34:16-20)[1].  However, the evidence has shown none of this.  There has been no evidence of an "unorthodox" agreement.  When questioned by the government, the Chief Financial Officer and Chief Executive Officer denied the existence of any side agreement with the defendant.[2]  Notably, the defendant elected not to cross-examine either witness on this subject.  Given the absence of any evidence on this issue that the defense highlighted in its opening statement, the Court should preclude the defendant from arguing that that the evidence has shown such an agreement between the parties.

II.     **The Court Should Preclude the Defendant from Arguing that the Defendant Worked on a White-Label DTC Project**

In his opening statement, the defendant also told the jury that in addition to all of his work at NESN, he also worked on "white-label" DTC project for the future benefit of NESN and

---

[1] All transcripts cited in this filing are unofficial.

[2] On direct examination, the government asked the CFO the following questions.  First, "[d]id you agree to pay Mr. Legassa more money through this business in Connecticut, Alley Interactive?" And the CFO responded, "No I did not."  Second, "[d]uring your time at NESN, did you ever agree to pay any employee through a side deal?"  And the CFO responded "no."  Trial Tr. October 31, 2023 (122:3-17).

On direction examination, the government asked the CEO the following questions.  First, "[d]uring your time at NESN, did you ever agree to pay an employee through a vendor?"  And the CEO responded, "[a]bsolutely not."  Second, "[o]r through any kind of undocumented side deal?"  And the CEO responded, "no."  Trial Tr. November 2, 2023 (52:6-10).

its parent, the Fenway Sports Group.

> You're going to also hear that there was an opportunity to… develop a so-called white label DTC product…. A white label DTC product could be used by other content providers, like FSG's other teams, Liverpool Premier Soccer, Pittsburgh Penguins NHL Hockey…. And you're going to hear that there was a need in the marketplace for a white label product like this, but whoever did it first had to act fast…. So the evidence is going to show that the money that NESN paid to Alley Connecticut… was additional compensation that NESN paid to Ariel to complete the extraordinary task of achieving NESN's four massive digital project goals **and the white label DTC product**.

Trial Tr. October 31, 2023 (41:18-42:22) (emphasis added).  Unlike other NESN projects that were discussed during this trial, such as NESN Watch, NESN Bets, NESN DTC, or 4K/UHD, there was no evidence that NESN or the defendant worked on a larger "white-label" DTC product.  The government submits that the defendant invented this project in an attempt to justify all the payments to Alley Interactive in Connecticut.  There was no evidence presented of any work by the defendant on such a project and accordingly, the Court should preclude the defense from arguing that the defendant's work on a "white-label" DTC project justified the payments to Alley Interactive in Connecticut.

                                    Respectfully submitted,

                                    JOSHUA S. LEVY
                                  Acting United States Attorney

                                  */s/ Benjamin A. Saltzman*
                                  BENJAMIN A. SALTZMAN
                                  MACKENZIE A. QUEENIN
                                  Assistant United States Attorneys

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

I, Benjamin A. Saltzman, hereby certify that the parties have conferred and in good faith have attempted to narrow the issue before the Court. However, the parties were unable to arrive at a resolution.

Date: November 2, 2023                                    */s/ Benjamin A. Saltzman*
                                                                              Benjamin A. Saltzman


**CERTIFICATE OF SERVICE**

I, Benjamin A. Saltzman, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: November 2, 2023                                    */s/ Benjamin A. Saltzman*
                                                                              Benjamin A. Saltzman