UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 22-CR-10038-IT |
| ) | |
| ARIEL LEGASSA, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' MOTION FOR (1) ORDER OF FORFEITURE (MONEY JUDGMENT) AND (2) PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) and a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. Proposed Orders of Forfeiture are submitted herewith. In support thereof, the United States sets forth the following:

1. On February 17, 2022, a federal grand jury sitting in the District of Massachusetts returned a ten-count Indictment, charging defendant Ariel Legassa (the "Defendant"), with Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts One through Seven); and Money Laundering, in violation of 18 U.S.C. § 1957 (Counts Eight through Ten). *See* Docket No. 13.

2. The Indictment also included forfeiture allegations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Seven of the Indictment of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses; and pursuant to 18 U.S.C. § 982(a)(1) upon

conviction of one or more of the offenses alleged in Counts Eight through Ten of any property, real or personal, involved in such offenses, and any property traceable to such property.

3.   The Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b).

4.   On May 13, 2022, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c), as a result of violations of 18 U.S.C. § 1341 and 18 U.S.C. § 1957.   The Bill of Particulars identified property, real or personal, which constitutes or is derived from proceeds traceable to the offenses; and any property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to the following:

　　a.   $46,000 in funds held in or on behalf of American Broadcast Employees Federal Credit Union Prime share accounts ending in x4170, seized on March 29, 2022 (the "$46,000 seized from the 4170 Account");

　　b.   A 2020 Tesla Model 3, bearing vehicle identification number 5YJ3E1EB4LF639020, seized on April 11, 2022 (the "Tesla"); and

　　c.   A 1972 Piper Aircraft with model number PA-28R-200 bearing serial number 28-R-7335039, seized on April 11, 2022 (the "Piper Aircraft")

(collectively, the "Properties").   *See* Docket No. 34.

5.      On November 3, 2023, after a 5-day jury trial, a jury found the Defendant guilty on Counts One through Ten of the Indictment.  *See* Docket Nos. 148, 149.

6.      The evidence introduced at trial included testimony and exhibits establishing that the Defendant obtained $575,500 in proceeds as the result of his offenses.  *See, e.g.,* Nov. 2, 2023 Tr. Trans. at 63; Tr. Ex. 162.   The evidence introduced at trial also established that the Defendant used some of those fraud proceeds to pay off loans on the Tesla ($49,777.03)[1] and the Piper Aircraft (about $27,000) in April 2021, eight days after receipt of funds from NESN.  *See, e.g.,* Nov. 2, 2023 Tr. Trans. at 67, 84, 85-88; Tr. Ex. 163 (summary chart).

7.      Trial testimony and exhibits also established that the Defendant transferred a total of $156,000 of the fraud proceeds to a joint account at the American Broadcast Employees Federal Credit Union.[2]  *See, e.g.,* Nov. 2, 2023 Tr. Trans. at 76, Tr. Ex. 163.   As described in the attached affidavit, approximately $46,000 in fraud proceeds were subsequently transferred to, and can be traced to, an American Broadcast Employees Federal Credit Union Prime Share account ending in x4170.  *See* Affidavit of Special Agent Brendan M. Donlan, attached hereto at Exhibit A.

**Money Judgment**

8.      For the reasons set forth above and at trial, $575,500 is equal to the amount of proceeds the Defendant derived from his offenses in Counts One through Seven.

9.      Based on the evidence and testimony presented at trial and the jury's verdict as to the Defendant on November 3, 2023, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $575,500,

---

[1] This transaction is the offense set forth in Count Eight, for which the Defendant was convicted.

[2] One of these transfers, $60,000 on May 11, 2021, was charged in Count Nine, for which the Defendant was convicted.

pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).[3]  This amount represents proceeds that the Defendant derived from his offense.

10. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace.  *See*, *e.g.*, *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense).

11. Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment.  *See United States v. Saccoccia*, 564 F.3d 502, 506-07 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

12. Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States.  Such discovery may include the taking of depositions of witnesses.  *See* 21 U.S.C. § 853(m) and 28 U.S.C. § 2461(c) (making Section 853 applicable to all criminal forfeiture cases); *see also United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture).  In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize

---

[3] The government will credit the net proceeds, after costs, recovered after the entry of final orders of forfeiture and disposal of the Properties towards the forfeiture money judgment.

discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

13. Pursuant to Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.

**Preliminary Order of Forfeiture**

14. Based on evidence and testimony introduced at trial, the Defendant's conviction, and the Affidavit of Special Agent Brendan M. Donlan, the United States has established the requisite nexus between the Properties and the offenses of which the Defendant was convicted. Accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c).[4] In addition, any value of the Piper Aircraft in excess of $27,000 is forfeitable as a substitute asset to be applied toward satisfaction of the Defendant's forfeiture money judgment pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p).

15. Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

---

[4] Specifically, $49,777.03 in fraud proceeds is directly traceable to the Tesla, and the Tesla, in its entirety, is also forfeitable as property involved in money laundering as set forth in Count Eight. $46,000 seized from the 4170 Account is traceable to fraud proceeds and is also property involved in money laundering and any property traceable to such property, *i.e.*, fraud proceeds transferred to the Defendant's joint account at American Broadcast Employees Federal Credit Union as set forth in Count Nine. Thus, the Tesla and the $46,000 seized from the 4170 Account are forfeitable pursuant to both 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (mail fraud) and 18 U.S.C. § 982(a)(1) (money laundering). To the extent that the Piper Aircraft has a value in excess of $27,000, the amount of fraud proceeds that went into it, any such excess value would nonetheless be forfeitable as a substitute asset pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p).

16. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), both incorporating 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Properties, and notice that any person, other than the Defendant, having or claiming a legal interest in the Properties, must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

17. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's claim and the relief sought and any additional facts supporting the petitioner's claim and the relief sought.

18. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Properties, as a substitute for published notice as to those persons to be notified.

WHEREFORE, the United States requests that this Court:

(a) enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(c) retain jurisdiction for the purpose of enforcing the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture;

(d) include the forfeiture, as set forth and in the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(e) incorporate the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JOSHUA S. LEVY<br>Acting United States Attorney |
| By: | */s/ Carol E. Head*<br>BENJAMIN SALTZMAN<br>MACKENZIE A. QUEENIN<br>CAROL E. HEAD<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100<br>carol.head@usdoj.gov |

Dated: February 14, 2024