UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                             ) | Criminal No. 22-CR-10038-IT |
| ) | |
| ARIEL LEGASSA,                          ) | |
| ) | |
| Defendant.                )| |

**PRELIMINARY ORDER OF FORFEITURE**

**TALWANI, D.J.**

WHEREAS, on February 17, 2022, a federal grand jury sitting in the District of Massachusetts returned a ten-count Indictment, charging defendant Ariel Legassa (the "Defendant"), with Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts One through Seven); and Money Laundering, in violation of 18 U.S.C. § 1957 (Counts Eight through Ten);

WHEREAS, the Indictment also included forfeiture allegations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Seven of the Indictment of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses; and pursuant to 18 U.S.C. § 982(a)(1) upon conviction of one or more of the offenses alleged in Counts Eight through Ten of any property, real or personal, involved in such offenses, and any property traceable to such property;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty,

the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b);

WHEREAS, on May 13, 2022, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c), as a result of violations of 18 U.S.C. § 1341 and 18 U.S.C. § 1957. The Bill of Particulars identified property, real or personal, which constitutes or is derived from proceeds traceable to the offenses; and any property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to the following:

a. $46,000 in funds held in or on behalf of American Broadcast Employees Federal Credit Union Prime share accounts ending in x4170, seized on March 29, 2022 (the "$46,000 seized from the 4170 Account");

b. A 2020 Tesla Model 3, bearing vehicle identification number 5YJ3E1EB4LF639020, seized on April 11, 2022 (the "Tesla"); and

c. A 1972 Piper Aircraft with model number PA-28R-200 bearing serial number 28-R-7335039, seized on April 11, 2022 (the Piper Aircraft")

(collectively, the "Properties").

WHEREAS, on November 3, 2023, after a 5-day jury trial, a jury found the Defendant guilty on Counts One through Ten of the Indictment;

WHEREAS, the evidence introduced at trial included testimony and exhibits established that the Defendant obtained $575,500 in proceeds as the result of his offenses;[1]

---

[1] The government will credit the net proceeds, after costs, recovered after the entry of final orders of forfeiture and disposal of the Properties towards the forfeiture money judgment.

WHEREAS, the evidence introduced at trial also established that the Defendant used some of those fraud proceeds to pay off loans on the Tesla ($49,777.03)[2] and the Piper Aircraft (about $27,000) in April 2021, eight days after receipt of the fraud proceeds;

WHEREAS, trial testimony and exhibits also established that the Defendant transferred $156,000 of the proceeds to a joint account at the American Broadcast Employees Federal Credit Union,[3] and, as described in the attached affidavit of Special Agent Brendan M. Donlan, approximately $46,000 in fraud proceeds were traced to an American Broadcast Employees Federal Credit Union Prime Share account ending in x4170, from which they were seized;

WHEREAS, based on evidence and testimony introduced at trial, the Defendant's conviction, and the Affidavit of Special Agent Brendan M. Donlan, the United States has established the requisite nexus between the Properties and the offenses of which the Defendant was convicted, and, accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c) [4];

---

[2] This transaction is the offense set forth in Count Eight, for which the Defendant was convicted.

[3] One of these transfers, $60,000 on May 11, 2021, was charged in Count Nine, for which the Defendant was convicted.

[4] Specifically, the Tesla and the $46,000 seized from the 4170 Account are forfeitable pursuant to both 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (mail fraud) and 18 U.S.C. § 982(a)(1) (money laundering). $27,000 of the value of the Piper Aircraft is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (mail fraud). To the extent that the Piper Aircraft has a value in excess of $27,000, the amount of fraud proceeds that went into it, any such excess value would nonetheless be forfeitable as a substitute asset pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p).

WHEREAS, any value of the Piper Aircraft in excess of $27,000 is forfeitable as a substitute asset to be applied toward satisfaction of the Defendant's forfeiture money judgment pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p); and

WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The Court finds, based upon the Defendant's conviction, that the government has established the requisite nexus between the Properties and the offenses to which the Defendant has been found guilty.

2. The Court shall retain jurisdiction for purposes of enforcing this Order.

3. Accordingly, all of Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c).

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

5. Pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), both incorporating 21 U.S.C. § 853(p), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

6. Pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), both incorporating 21 U.S.C. § 853(p), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States

shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

7. Pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), both incorporating 21 U.S.C. § 853(p), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), both incorporating 21 U.S.C. § 853(p), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

9. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), both incorporating 21 U.S.C. § 853(p), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Dated: _____

                                          **INDIRA TALWANI**
                                          United States District Judge